UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
BARBARA C. JUE
TRIAL ATTORNEY
606 N. Carancahua St.
Wilson Plaza West, Ste. 1107
Corpus Christi, TX  78476
Telephone:  (361)888-3261
Facsimile:  (361)888-3263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| AMIDEE CAPITAL GROUP, INC., | § | CASE NO. 10-20041 |
| ET AL., | § | |
| | § | |
| DEBTORS | § | CHAPTER 11 |
| | § | (Jointly Administered) |

LIMITED OBJECTION  OF THE UNITED STATES TRUSTEE TO APPLICATION PURSUANT TO SECTIONS 105(a) AND 363 (b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO (A) EMPLOY AND RETAIN LECG, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (B) DESIGNATE DOUGLAS J. BRICKLEY AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS
(Document # 44)

HONORABLE UNITED STATES BANKRUPTCY JUDGE
RICHARD S. SCHMIDT:

COMES NOW, CHARLES F. McVAY, United States Trustee, (UST), through the undersigned counsel, who states his limited objection to the retention of Douglas J. Brickley as Chief Restructuring Officer for Amidee Capital Group, Inc., et al., (Debtors), and to the additional personnel requested in the Debtor's  "Application Pursuant to Sections 105(a) and 363 (b) of the Bankruptcy Code for Authorization to (a) Employ and Retain LECG, LLC. to Provide the Debtors a Chief Restructuring Officer and Additional Personnel and (b) Designate Douglas J. Brickley as Chief Restructuring Officer for the Debtors" (Application). In support of his limited objection, the UST states the following:

1) On February 3, 2010, the Debtors filed an Application to hire Douglas J. Brickley (Brickley) as their Chief Restructuring Officer (CRO).

2) The Debtors seek to hire Brickley as a professional person whose Application should be brought pursuant to 11 U.S.C. § 327, or as a Financial Advisor to the Debtors.

3) The Debtors seek to circumvent the provisions of section 327 that require the Debtors to file interim fee applications for the CRO, detailing all of the time spent on services provided to the Debtors by Brickley, and all of the expenses, regardless of a dollar limitation. In addition, employment under section 327 allows the UST to review the application for fees and expenses against the usual and customary standard set out in Matter of First Colonial Corporation of America, 544 F.2nd, 1291 (5th Cir. (La.) 1997), cert. denied, 432 U.S. 904 (1977), without making a request to the Debtors for the applications.

4) The UST objects to the Court's approval of "additional fees," set out in paragraph 25(c) on page 11 of the Application. If the CRO requests additional fees, under section 327, the "success fee," if any, should be determined at the end of the case and subject to a reasonableness standard. In addition, the CRO should not be awarded a success fee in the event the case is dismissed, converted, or, has a Chapter 11 trustee appointed.

5) The UST does not object to the compensation the Debtor will pay the CRO on a monthly basis, but in the interim financial reports the UST requests to be filed monthly, the CRO must show his expenses detailed and reasonably necessary, with receipts, who he has hired, why he hired the person, and such reports shall be accompanied by affidavit attesting to the disinterestedness of the person hired. The UST understands that the CRO intends to use the personnel of LECG with no additional expense to the Debtor. The UST should be allowed twenty days from receipt of the interim report to file its objections.

6) The UST reviewed the Affidavit of Brickley attached to the Application, attesting to Brickley's "disinterestedness" in accord with section 101(14). Since Brickley is essentially an employee of LECG, the entity that will receive payment from the Debtors on behalf of Brickley's services to the Debtors, and in turn, compensate Brickley, it must be clear that the Debtors will receive as much of Brickley's time and attention as CRO of the Debtor, as needed.

7) In paragraph 12, page 4, of Brickley's Affidavit, LECG states it "likely in the future will provide services for creditors of the Debtors." In fact, LECG states that it "currently performs" such services for entities it specifies in its attached Exhibit C. Since it is possible that Brickley could receive financial benefit from these services, to ensure Brickley's loyalty and understanding of his fiduciary duty toward the Debtors, the UST requires Brickley to report to an independent Debtor board for oversight of his ongoing responsibilities and representation. The UST accepts the current board of directors as the independent board.

8) In reference to LECG's engagement letter with the Debtors, there is reference to the 5% success fee discussed in paragraph 4, above. As stated, the UST objects to a preapproved success fee.

9) Exhibit C to Brickley's Affidavit lists the entities with whom LECG has a relationship or connection. The Application must specifically state that LECG will not represent any of these clients if the client is a creditor of the Debtors or a party in interest in this case.

Wherefore, based on the foregoing, the UST requests that the Court require the Debtors to amend their Application to incorporate changes to meet the limited objections of the UST, and for any further relief as may be equitable and just.

Dated: February 19, 2010

        Respectfully submitted,

        CHARLES F. McVAY
        UNITED STATES TRUSTEE

        By: /s/Barbara C. Jue
        Barbara C. Jue
        Texas Bar No. 11768550
        606 N. Carancahua, Ste. 1107
        Corpus Christi, TX  78476
        Telephone: (361)888-3261
        Fax: (361)888-3263
        Barbara.c.jue@usdoj.gov