Case 10-20041 Document 42-1 Filed in TXSB on 02/01/10 Page 1 of 3

ENTERED
02/24/2010

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-20041** |
| | § | |
| **AMIDEE CAPITAL GROUP, INC., ET AL.,** | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **(Jointly Administered)** |

## ORDER APPROVING PROCEDURES FOR THE INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Came on to be heard the Motion for Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion")[1], filed by the above-captioned Debtors and Debtors-in-Possession (the "Debtors"); the Court having reviewed the Motion and any objections thereto; it appearing to the Court that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion was sufficient, and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtors are authorized to pay Professionals on an interim basis for fees and expenses incurred during the case according to the following procedures:

(a) Every 20th day of each calendar month following the month for which compensation and/or reimbursement is sought (the "Statement Due Date"), each Professional (other than those subject to separate Court order) retained in these Reorganization Cases pursuant to §§ 327 and 1103 of the Bankruptcy Code seeking the interim payment of fees and reimbursement of expenses shall:

[1] All terms not defined herein shall have the same meaning ascribed to them in the Motion.

  (i) submit an itemized monthly fee and expense statement ("Monthly Statement") in compliance with the provisions of subparagraph 2(b) below setting forth the fees and expenses for which payment is sought for the preceding month, with supporting detail; and

(ii) serve a copy of such Monthly Statement on the Debtors, bankruptcy counsel for the Debtors, if a committee of unsecured creditors is appointed, on counsel for the committee, and the United States Trustee (collectively, the "Fee Parties").

(b) Each Monthly Statement shall include, as an exhibit, time records that itemize services. Monthly Statements must be actually received by the Fee Parties on or before the Statement Due Date. Any Monthly Statement received after the Statement Due Date shall be deemed served on the Statement Due Date the following month.

(c) The Fee Parties shall have ten (10) days from the Statement Due Date to review the Monthly Statements. Any objections shall be served on the Fee Parties and the affected Professional on no later than ten (10) days from the Statement Due Date; provided however, that all objections must be received by the Debtors' bankruptcy counsel by the close of business on the 10th day following the Statement Due Date (the "Objection Deadline"). After such review, and except as provided in subparagraph 2(d) below, the Debtors shall pay in the ordinary course of business (typically, within ten (10) days from the Objection Deadline), or to the extent the Professional is in possession of a retainer, the Professional may apply any remaining retainer to pay:

(i) Eighty percent (80%) of the fees requested by a Professional; and

(ii) One Hundred percent (100%) of the expenses requested by a Professional.

(d) In the event that there are objections to any Monthly Statement submitted by a Professional, the objecting Fee Party shall, on or before the Objection Deadline, notify the Fee Parties and the affected Professional in writing of such objection. The objection shall specify in detail the nature and basis of the objection. Pending resolution of such objection, the Debtors shall promptly pay to the Professional or the Professional may apply any remaining retainer, as to fees, the amount requested in the particular Monthly Statement less the greater of (i) the amount in dispute or (ii) the twenty percent holdback provided in subparagraph 2(c)(i) above and, as to expenses, the amount requested less the amount in dispute. The Professional and the objecting Fee Party shall endeavor to amicably resolve any objection within five (5) days after the Objection Deadline. If a resolution cannot be reached in that period, the Professional may request that the Court resolve the dispute at the next regularly scheduled fee application hearing. The failure of any Fee Party (or other interested party with standing to object) to object to the payment of any

    Monthly Statement within the ten (10) day period set forth above shall not be deemed to constitute a waiver of that party's right to object to any interim or final fee application filed by any Professional or preclude any disgorgement of any fees paid.

(e) The initial Monthly Statement shall be submitted and served in accordance with this paragraph on or before February 20, 2010, and shall cover the period from January 4, 2010 through January 31, 2010.[2] Thereafter, each Monthly Statement shall be submitted and served in accordance with the terms set out above.

3. Payments authorized pursuant to the procedure approved herein may be made by the Debtors only to the extent they have sufficient unencumbered cash and/or cash collateral budgeted for professional fees and expenses pursuant to applicable cash collateral agreements or orders of this Court.

Dated: 2/23/10

THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

[2] In the event that the Court has not ruled on this Motion by the date that the initial Monthly Statement is due. Professionals seeking payment on an interim basis for fees and expenses incurred during this initial period may provisionally follow the procedures outlined herein. Upon the entry of this Order, the Debtors may make payment to Professionals, and the Professionals may apply any retainers to outstanding fees or expenses in a manner consistent with the terms of this Order.