IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041-C-11 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., | § | CHAPTER 11 |
| ET AL., | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

**JOINT MOTION OF LONE STAR BANK AND STERLING BANK TO DISMISS BANKRUPTCY CASES PURSUANT TO 11 U.S.C. § 1112(b), OR IN THE ALTERNATIVE, APPOINT CHAPTER 11 BANKRUPTCY TRUSTEES PURSUANT TO 11 U.S.C. § 1104(a) TO LIQUIDATE PARTNERSHIP ESTATES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSES MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON MARCH 25, 2010 AT 2:00 P.M. BEFORE THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES COURTHOUSE, 1133 N. SHORELINE BLVD., SECOND FLOOR, CORPUS CHRISTI, TEXAS 78401.**

TO THE HONORABLE RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE:

Lone Star Bank ("Lone Star") and Sterling Bank ("Sterling") (collectively, the "Movants"), creditors and parties-in-interest in the above entitled and numbered cases, file this Joint Motion to Dismiss Bankruptcy Cases Pursuant to 11 U.S.C. § 1112(b), or in the alternative,

appoint Chapter 11 Bankruptcy Trustees Pursuant to 11 U.S.C. § 1104(a) to Liquidate Partnership Estates (the "Motion").

## JURISDICTION

1. This Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The statutory predicates for relief are 11 U.S.C. §§ 1104(a)(a)(3) and 1112(b)(1), Rules 1017(a) and 2007.1(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-2 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Local Rules" or "BLR").

## SUMMARY OF RELIEF REQUESTED

2. The Chapter 11 cases filed by the respective Debtors, following the withdrawal of Amidee Capital Group, Inc. ("ACG") the former general partner, should be dismissed for lack of authority to act on behalf of the partnership Debtors, or in the alternative, Chapter 11 bankruptcy trustees should be appointed to administer the liquidation of the partnership Debtors' estates.

## FACTUAL BACKGROUND

3. ACG is the former sole general partner of the following limited partnership debtors (collectively, the "Debtors"):[1]

　(a)　Amidee 2006 Preferred Real Estate Income Program, Ltd.;

　(b)　Amidee 2004-I Tax Deed and Certificate Investment Program, Ltd.;

　(c)　Amidee 2005-II Texas Deed Investment Program, Ltd.;

　(d)　Amidee 2006-III Tax Deed & Real Estate Investment Program, Ltd.;

　(e)　Amidee 2006 Commercial Real Estate Income Program, Ltd.;

---

[1] See Debtors' Expedited Motion for Order Directing Joint Administration of Cases, ¶ 2 & n.1 (Docket No. 3).

(f) Amidee 2007-I CRE Income Fund, Ltd.;

(g) Amidee 2008-I CRE Income Fund, Ltd.; and,

(h) Amidee 2009-I CRE Income Fund, Ltd.

4. Each Debtor operates as Texas limited partnerships, with ACG as the common former general partner. The Movants extended certain financial accommodations to the Debtors which were used in the acquisition of commercial real estate properties. The financial accommodations extended to the Debtors by Movants are currently outstanding and secured by perfected first priority liens in the real property of the Debtors' estates.

5. On January 17, 2010 (the "Petition Date"), ACG, the sole general partner of all of the Debtors, filed a petition for Chapter 11 bankruptcy in this Court. *See* ACG's Petition, Docket #1. Amidee 2006 Preferred-Corpus, Ltd., a subsidiary of ACG, previously filed for Chapter 11 relief on January 4, 2010. In subsequent filings on January 17, 2010, ACG caused Chapter 11 bankruptcy petitions to be filed on behalf of the Debtors in these jointly administered cases. ACG did not obtain consent from any of the Debtors' limited partners before filing petitions on behalf of the partnership Debtors, nor has ACG obtained the consent of the majority interest-holders of the Debtors' respective limited partners to prosecute these cases or serve as the replacement general partner following the withdrawal and dissolution event.

6. Section 9.9.1(c) of the Partnership Agreements provide a 90 day period for partners to replace the general partner. Each of the partnership Debtors have numerous, different limited partners spread across the country as set forth in the partnership Debtors' Lists of Equity Security Holders. Each of the limited partners invested with an expectation of receiving a guaranteed return of one (1%) per month on their investment. Based on testimony of James

Cook, ACG's former president, at the 341creditors' meeting in the Amidee 2006 Corpus case, the limited partners were neither consulted before the commencement of these cases. Similarly, at the February 23, 2010 hearings on use of cash collateral, Doug Brickley, the Debtors' CRO, testified that ACG had not provided any communication to the limited partners requesting that ACG, or any other party, be appointed to serve as replacement general partner. This Court observed at the February 23, 2010 hearings that the partnership Debtors may well be "headless" and ordered that the Debtors notify the limited partners of the actions taking place in the bankruptcy cases. April 17, 2010 will be the 90th day following the withdrawal event for the limited partners to take action.

## GROUNDS FOR RELIEF

**A.   Section 1112(b)(1) Dismissal – ACG Lacked Authority to File and Prosecute these Cases on behalf of the partnership Debtors**

7.   ACG lacked authority to file Chapter 11 bankruptcy cases on behalf of the Debtors because ACG had withdrawn as general partner of Debtors by reason of its Chapter 11 bankruptcy filing. *See* TEX. BUS. ORGS. CODE § 153.155(a)(4)(B); TEX. REV. CIV. STAT. ANN. art. 6132b, § 6.01(b)(6)(A) (repealed 2010); *Phillips v. First City, Texas—Tyler, N.A.* (*In re Phillips*), 966 F.2d 926, 929 & n.3 (5th Cir. 1992). ACG's withdrawal effected a dissolution of each of the Debtors, requiring the winding up of the entities under the terms of the Debtors' Partnership Agreements and controlling Texas law. *See* Debtors' Partnership Agreements, § 9.9.1(a)-(c); TEX. BUS. ORGS. CODE §§ 11.051(3)-(4), 11.058(b); TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.01(c)(2) (repealed 2010).

8.   Once a partnership has been dissolved, the only actions left to be taken are the winding up of its affairs by the remaining partners. Because ACG's withdrawal forced the

dissolution of each of the Debtors, the only business to be conducted by the Debtors is that related to winding up, including filing a bankruptcy petition, and because ACG is no longer a partner, it was, and remains, ineligible to do so.

        9.     Texas law clearly provides that a withdrawn general partner is ineligible to wind up the affairs of a dissolved partnership. *See* TEX. BUS. ORGS. CODE § 153.502; TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.03(a) (repealed 2010). "The Bankruptcy Code does not prescribe who has the authority to file a petition on behalf of a Debtor. Because the Debtors are entities created under state law [e.g. limited partnerships], the Court must look to state law to determine the authority issue." *In re Statepark Bldg. Group, Ltd.,* 316 B.R. 466, 470 (Bankr. N.D. Tex. 2004) citing *Phillips*, 966 F.2d at 934). Applicable state law governing partnerships is found in the Texas Revised Partnership Act ("TRPA"), as codified in the Texas Business Organizations Code ("TBOC"). *See* TEX. BUS. ORGS. CODE §§ 1.101, 402.001; TEX. REV. CIV. STAT. ANN. art. 6132b, § 11.05 (repealed 2010).

        10.    Under Texas law:

> (a)    A person ceases to be a general partner of a limited partnership on the occurrence of one or more of the following events of withdrawal:
>
> . . . .
>
> (4)    unless otherwise provided by a written partnership agreement, or with the written consent of all partners, the general partner:
>
> . . . .
>
> (B)    files a voluntary bankruptcy petition . . . .

TEX. BUS. ORGS. CODE § 153.155(a)(4)(B); *see* TEX. REV. CIV. STAT. ANN. art. 6132b, § 6.01(b)(6)(A) (repealed 2010). Further:

> (b)    An event of withdrawal of a general partner of a domestic limited partnership is an event requiring winding up under Section 11.051(4) unless otherwise provided by the partnership agreement. The event requiring winding up specified in this subsection may be canceled in accordance with Sections 11.152(a) and 153.501(b).

TEX. BUS. ORGS. CODE § 11.058(b); TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.01(c)(2) (repealed 2010).  Additionally, winding up may be required by the occurrence an event requiring winding up as stipulated in an entity's governing documents.  *See* TEX. BUS. ORGS. CODE § 11.051(3).  A withdrawn partner is ineligible to wind up the affairs of a dissolved partnership. *See* TEX. BUS. ORGS. CODE § 153.502; TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.03(a) (repealed 2010).

11. As an example of the Debtors' Partnership Agreements, which are all identical, the Amidee 2008 Limited Partnership Agreement, Section 9.1 (a) - (c), states:

*9.1 Dissolution*

  *(a)* Except as otherwise provided herein, the retirement, withdrawal, removal, death, insanity, incapacity, dissolution, or bankruptcy of any partner shall not dissolve the Partnership. The successor to the rights of such Partner shall have all the rights of a Partner for the purpose of settling or administering the estate or affairs of such Partner; provided, however, that no successor shall become a Substitute Partner except in accordance with Section 7; **and provided further that upon the occurrence of any of the events referred to in the first sentence of this Section 9.9.1(a) with respect to the General Partner, the Partnership shall be dissolved and wound up unless at that time there is a Successor General Partner,** in which event the business of the Partnership shall continue to be carried on. Neither the expulsion of any Partner, nor the admission or substitution of a Partner, shall work a dissolution of the Partnership. The estate of a deceased, insane, incompetent, or bankrupt Partner shall be liable for all his liabilities as a Partner.

  *(b)* **Notwithstanding anything in the Act to the contrary, the Partnership shall be dissolved upon but not before, the earliest to occur of** (I) the written consent of the General Partner and Partners owning a majority of the then outstanding Units to dissolve and wind up the affairs of the Partnership; **(ii) subject to the provisions of Section 9.9.1(c), the retirement, withdrawal, removal, death, adjudication of insanity or incapacity, or bankruptcy (or, in the case of a corporate General Partner, the withdrawal, removal, filing of a certificate of dissolution, liquidation, or bankruptcy) of the General Partner;** (iii) the sale, forfeiture, or abandonment of all, or substantially all, of the Partnership's property and the sale and/or collection of any evidences of indebtedness received in connection therewith; (iv) December 31, 2058 or (v) a dissolution event described in Section 9.9.1(a).

>    *(c)* In the case of any event described in Section 9.9.1(b)(ii), if a successor General Partner is selected by Partners owning a majority of the then outstanding Units within 90 days after such event, and if such Partners agree within such 90 day period to continue the business of the Partnership, then the Partnership shall not be dissolved.

(emphasis added).

12.     Pursuant to TBOC § 153.155(a)(4)(B) and TRPA art. 6132b, § 6.01(b)(6)(A), ACG withdrew as general partner of each of the Debtors when ACG voluntarily filed bankruptcy under Chapter 11.  Consequently, under both the Debtors' Partnership Agreements and TBOC § 11.058(b), the Debtors are presently in a state of dissolution, during which the only business to be conducted is winding up of the entities.  *See* TEX. BUS. ORGS. CODE § 11.052; TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.03(b) (repealed 2010).

13.     In *Phillips*, the general partner of a limited partnership filed Chapter 11 bankruptcy on its own behalf and subsequently filed Chapter 11 bankruptcy on behalf of the limited partnership, which had been previously dissolved by a state court order. *Phillips*, 966 F.2d at 927-28.  In deciding that the former general partner lacked authority to file a bankruptcy proceeding on behalf of the limited partnership, the Fifth Circuit explained that "Texas law deprived [the general partner] of authority to file bankruptcy on [the limited partnership's] behalf." *Id.* at 927.  The court reasoned that a general partner lacks authority to place a limited partnership in Chapter 11 bankruptcy after the general partner has sought Chapter 11 protection for himself, thereby rendering the partnership in a state of dissolution.  *Id.* at 929.  "Texas, which alone regulates the creation and dissolution of business associations within its borders, logically protects non-bankrupt partners from bankrupt partners who acquire responsibilities under federal bankruptcy law that could compromise the interests of the non-bankrupt partners." *Id.*  The Fifth

Circuit noted the sole general partner of a limited partnership who becomes a debtor-in-possession under Chapter 11 "generates an inherent conflict of interest which precludes him from remaining as general partner" because partners "owe [a] fiduciary duty to co-partners and debtors-in-possession owe fiduciary duty to creditors." *Id.* (citing *Skeen v. Harms* (*In re Harms*), 10 B.R. 817, 822 (Bankr. D. Colo. 1981)).

14.    ACG therefore had no authority to file Chapter 11 bankruptcy cases on behalf of Debtors after ACG filed its Chapter 11 bankruptcy. *Phillips*, 966 F.2d at 929. Thus, the partnership Debtors' Chapter 11 bankruptcy cases must be dismissed pursuant to § 1112(b)(1) of the Bankruptcy Code.

    **B.**    **Section 1104(a)(3) Appointment of a Trustee – Cause Exists to Dismiss the Cases, but Appointment of Trustees is in the Best Interests of Creditors and the Estates**

15.    Both the relevant portions of the Debtors' Partnership Agreements and Texas law provide that ACG's Chapter 11 bankruptcy filing constituted an event of its withdrawal as general partner of each of the Debtors. The withdrawal event placed the Debtors in a state of dissolution before ACG's filing of the Debtors' respective bankruptcy cases, and required that the Debtors' respective affairs be wound up by a replacement general partner or the limited partners.

16.    Here, to the extent that the Court does not dismiss the cases, Movants request that Chapter 11 trustees be appointed to liquidate and wind-up the affairs of the partnership Debtors, free of the inherent conflicts related to ACG and the administrative burden imposed on the partnerships by having to fund ACG's corporate overhead in these bankruptcy cases.

17.    In *Statepark*, the Bankruptcy Court considered whether a dissolved limited partnership was eligible to seek reorganization through a Chapter 11 bankruptcy. In holding that

the dissolved limited partnership was limited to liquidation under Chapter 11, the court relied on existing Fifth Circuit precedent and on Texas partnership law to find that "a dissolved limited partnership is eligible to seek relief under Chapter 11 *when the relief sought is a liquidation*." *Id.* at 475 (emphasis added).  The *Statepark* Court citing the Fifth Circuit's holding in *Phillips* noted, "[t]he Bankruptcy Code does not prescribe who has the authority to file a petition on behalf of a Debtor.  Because the Debtors are entities created under state law [e.g. limited partnerships], the Court must look to state law to determine the authority issue." *Id.* at 470.  Pursuant to TRPA art. 6132a-1, § 2.06(a)(4) (recodified as TBOC § 10.301), the *Statepark* Court held that "the Texas legislature, in enacting § 2.06, clearly thought that a liquidating Chapter 11 would be an appropriate vehicle for winding up the partnership's affairs." *Id.* at 475.

18.     The stated intentions of ACG and the partnership Debtors to *reorganize* under Chapter 11 bankruptcy is therefore inappropriate. This Court should appoint Chapter 11 bankruptcy trustees to liquidate the Debtors' respective estates pursuant to 11 U.S.C. § 1123(b)(4), in the event that the limited partners do not select a representative as permitted under the partnership agreements and Texas law.  *See* TEX. BUS. ORGS. CODE § 153.502; TEX. REV. CIV. STAT. ANN. art. 6132b, § 8.03(a) (repealed 2010).

**PRAYER**

Movants respectfully request this Court to enter orders dismissing those bankruptcy cases that are not properly authorized due to the withdrawal of ACG, or in the alternative, to appoint Chapter 11 trustees to liquidate and wind up the affairs of the partnership Debtors in the event the limited partners fail to take action to appoint successor, and grant Movants such other and further relief as this Court deems just and proper, both at law and in equity.

**DATED: March 4, 2010**

        Respectfully submitted,

        THE WALKER FIRM
402 Main Street, 9th Floor
Houston, TX 77002
(713) 225-1354 (Telephone)
(713) 225-1215 (Facsimile)

By:    */s/ Ted L. Walker*
      Ted L. Walker
      State Bar No. 20733100
      Adam R. Fracht
      State Bar No. 24047245

**ATTORNEYS FOR LONE STAR BANK**

**AND**

WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)

By:    */s/ Joseph G. Epstein*
      Joseph G. Epstein
      State Bar No. 06639320
      S.D. Tex. No. 11733
      Sean B. Davis
      State Bar No. 24069583
      S.D. Tex. No. 1048341

**ATTORNEYS FOR STERLING BANK**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 4, 2010, the foregoing Motion was served via first class U.S. Mail to the parties listed on the attached service list. Additionally, notice of this document will be electronically mailed to the parties registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District.

                                                          */s/ Ted L. Walker*
                                                          One of Counsel

| | |
|---|---|
| Matthew Scott Okin<br>Sara M. Patterson<br>Okin Adams & Kilmer, LLP<br>1113 Vine Street, Suite 201<br>Houston, Texas 77002<br>*Attorneys for Debtors* | ***Via ECF*** |
| Charles R. Sterbach<br>Barbara Jue<br>*Assistant United States Trustees*<br>Office of US Trustee<br>606 N. Carancahua<br>Corpus Christi, Texas 78476 | ***Via ECF*** |
| Darla C. Carlisle<br>Weycer Kaplan Pulaski & Zuber, PC<br>*Attorneys for Criterion Brock f/k/a Golden Creek Carpets, Inc.* | ***Via ECF*** |
| Ronald A. Simank<br>Schauer & Simank, PC<br>*Attorneys for Creditor National Guardian Life Insurance Company* | ***Via ECF*** |
| Patrick L. Hughes<br>Haynes and Boone LLP<br>*Attorneys for David Jenkins and Michael Wilson* | ***Via ECF*** |
| Dexter D. Joyner<br>*Attorney for Pasadena Independent School District* | ***Via ECF*** |