

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
04/30/2010

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### ORDER (I) AUTHORIZING AND APPROVING SALE OF REAL PROPERTY IN HOUSTON, TEXAS AND RELATED PERSONAL PROPERTY AND (II) AUTHORIZING DEBTOR TO USE SALE PROCEEDS TO PAY CERTAIN CLAIMS AND EXPENSES ASSOCIATED WITH THE PROPERTY
(RELATES TO DOC. NO. 162)

Upon consideration of the Expedited Motion for Order (I) Authorizing and Approving Sale of Real Property in Houston, Texas and (II) Authorizing Debtor to Use Sale Proceeds to Pay Certain Claims and Expenses Associated with the Property (the "Motion") [Doc. No. 162]; the Court having reviewed the Motion and any objections thereto and having considered arguments of counsel and the evidence presented at the hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

(a) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Notice of the Motion and the hearing on the Motion was sufficient and adequate under the circumstances.

(b) The sale of 14420 W. Sylvanfield Drive, Houston, Texas 77014 (the "Real Property") and the furniture, fixtures and equipment located on the Real Property and listed on

the Addendum to the Sale Agreement ("Personal Property") (collectively, the "Property")[1] pursuant to the terms and conditions set forth in the Sale Agreement to David B. Waller and Irene Joyce Waller (the "Buyer") is a reasonable exercise of the business judgment of the Debtors, complies with § 363 of the Bankruptcy Code and is in the best interests of the Debtors' bankruptcy estates.

(c)     The Real Property is owned by Amidee 2006 Preferred and the Personal Property is owned by ACG.  The Buyer has allocated $150,000.00 of the purchase price to the purchase of Personal Property and the remainder of the purchase price to the Real Property.  Upon closing of the contemplated sale, the proceeds will be divided accordingly among Amidee 2006 Preferred and ACG.

(d)     National Guardian Life Insurance Company has a valid, perfected first lien security interest in the Sylvanfield Building and all of Amidee 2006 Preferred's personal property, including all cash, accounts receivable, rents, revenues and leases, and general intangibles associated with the Sylvanfield Building (the "NGLI Liens").  As of April 27, 2010, the NGLI Liens secure a claim by NGLI against Amidee 2006 Preferred in the amount of $1,334,280.10, including all principal, interest, fees, costs, and other charges (the "NGLI Secured Claim").  Postpetition interest will continue to accrue at a per diem amount of $401.83 until closing of the sale.

(e)     Amidee 2006 Preferred owes the taxing authorities with the power to tax the real and personal property associated with the Sylvanfield Building a total of $60,411.00 for real and personal property taxes associated with the Real Property through May 5, 2010 (the "Property Tax Claims").

---

[1] To the extent they are not defined in this Order, capitalized terms used herein shall have the meaning ascribed to them in the Motion.

IT IS, THEREFORE, HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are hereby authorized, pursuant to § 363 of the Bankruptcy Code, to enter into and consummate the transaction contemplated by the Sale Agreement.

3. The Debtors are hereby authorized to sell the Property to the Buyer, free and clear of any and all liens, claims, encumbrances and all other interests, in accordance with § 363(f) of the Bankruptcy Code with all such liens, claims, encumbrances and other interests, other than those paid in full upon closing as provided in paragraph 4 below, attaching to the proceeds received for the sale or the applicable portion thereof with the same validity and priority as they attached to the Property or portion thereof.

4. Upon the closing of the sale contemplated by the Sale Agreement, the Debtors are hereby authorized and directed to apply the net sale proceeds to pay the following claims in full: (i) the NGLI Secured Claim including accrued post petition interest through closing, (ii) the Property Tax Claims, and (iii) all closing costs provided for pursuant to the Sale Agreement. The 3% commission provided to ACG in the Sale Agreement shall not be paid at this time. Such funds, as well as any other net proceeds from the sale of the Real Property, shall be retained by Amidee 2006 Preferred in its debtor in possession bank account until expended pursuant to an applicable cash collateral budget or further order of the Court.

5. This Order is and shall be effective as a determination that any and all claims, liens, or interests in the Property, shall be, and upon the closing of the proposed transaction, are hereby released. In addition, upon receipt of payment of the amount of the NGLI Secured Claim, any NGLI Liens against the Debtors' Property shall also be released, and any and all claims that NGLI may have against the Debtors or their estates shall be fully and finally

satisfied. Furthermore, upon receipt of payment of the amount of all Property Tax Claims against the Property, any and all tax liens shall be released against the Property.

6. Parties having filed liens, financing statements, mortgages or other documents evidencing claims or encumbrances against the Property that are released herein are directed to execute and deliver to the Debtors for filing, as reasonably necessary, documents evidencing such release, provided, however, that in the absence of such a signed release, the Debtors or the Buyer may file or record a certified copy of this Order and such a filing shall constitute conclusive evidence of the release.

7. Notwithstanding Federal Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

DATE: __ April 30, 2010              _____.

_____
THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

**AGREED**:

| | |
|---|---|
| **OKIN ADAMS & KILMER LLP** | **WINSTEAD PC** |
| By: */s/ Sara Mya Patterson* | By: */s/ Joseph G. Epstein* |
| Matthew S. Okin | Joseph G. Epstein |
| Sara Mya Patterson | Sean B. Davis |
| 1113 Vine St. Suite 201 | 1100 JPMorgan Chase Tower, 600 Travis Street |
| Houston, TX 77002 | Houston, Texas 77002 |
| Telephone: (713) 228-4100 | Telephone: (713) 650-8400 |
| Facsimile: (888) 865-2118 | Facsimile: (713) 650-2400 |
| **COUNSEL FOR THE DEBTORS** | **COUNSEL FOR STERLING BANK** |
| | |
| **ADAIR & MEYERS P.L.L.C.** | **THE WALKER FIRM** |
| By: */s/ Marc Douglas Myers* | By: */s/ Ted. L. Walker* |
| Marc Douglas Myers | Ted L. Walker |
| 3120 Southwest Freeway, Suite 320 | Adam R. Fracht |
| Houston, TX 77098 | 402 Main Street, 9th Floor |
| Tel: (713) 522-2270 | Houston, TX 77002 |
| Fax: (713) 522-3322 | Telephone: (713) 225-1354 |
| **COUNSEL FOR AD HOC COMMITTEE** | Facsimile: (713) 225-1215 |
| **OF LIMITED PARTNERS** | **COUNSEL FOR LONE STAR BANK** |

**SCHAUER & SIMANK, P.C.**

By: */s/ Ronald A. Simank*
Ronald A. Simank
615 North Upper Broadway, Suite 2000-MSC 159
Corpus Christi, Texas 78477
Telephone: (361) 884-2800
Facsimile: (361) 884-2822
**COUNSEL FOR NATIONAL GUARDIAN LIFE INSURANCE COMPANY**