# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

PROCEDURES FOR SOLICITATION AND SELECTION OF
HIGHEST AND BEST QUALIFIED BIDDER IN CONNECTION
WITH SALE OF SUBSTANTIALLY ALL THE ASSETS
OF AMIDEE CAPITAL GROUP, INC., ET AL.

**THE FOLLOWING PROCEDURES WERE APPROVED BY THE BANKRUPTCY COURT AT THE HEARING CONDUCTED ON AUGUST 24, 2010 (the "Sale Procedure Hearing") TO CONSIDER APPROVAL OF THE DEBTORS' PROPOSED AUCTION AND BIDDING PROCEDURES.[1]**

A.   Assets to be Sold

The assets to be sold consist of: (i) the Findlay Apartments, an apartment complex located at 8117 Findlay, Houston, Texas 77017 ("Findlay"); (ii) the Coastal Breeze Apartments, an apartment complex located at 2311 71st Street, Galveston, Texas 77551 ("Coastal Breeze"); (iii) the Park Place Apartments, an apartment complex located at 8401 Park Place, Houston, Texas 77017 ("Park Place"); (iv) the Oak Pointe Apartments, an apartment complex located at 1111 Burke, Pasadena, Texas 77056 ("Oak Pointe"); (v) the Harbour Glen Apartments, an apartment complex located at 1225 10th St. N., Texas City, Texas 77590 ("Harbour Glen," and collectively with Findlay, Coastal Breeze, Park Place, Oak Pointe, and the 35 acre tract on Ley Road (together the "Situs Assets"); and (vi) numerous parcels of developed and undeveloped real property located in Houston, Texas and surrounding areas, a list of which properties is found within the Property Schedule[2] (not including the 35 acre tract on Ley Road, the "Camelot Assets") and collectively with the Situs Assets, the "Assets").

The Assets may be sold in bulk or in piecemeal as necessary to maximize the value to be paid by Successful Bidder(s) (as defined below) for the Assets. Accordingly, potential purchasers of the Assets may submit bids to purchase any or all of the Situs Assets and the Camelot Assets.

---

[1] **These Procedures have only been proposed by the Debtors at this time, and have not yet been approved by the Court. Upon approval of these Procedures by the Court, this footnote will be removed.**

[2] A schedule (the "Property Schedule") of the individual properties which comprise the Situs Assets and Camelot Assets is attached hereto as **Exhibit 1**. In addition to the name and location of each Asset, the Property Schedule also contains a Minimum Opening Bid (defined below) and Minimum Overbid (defined below) for each individual Asset.

The Debtors have developed a form Asset Purchase Agreement (in each case, an "APA") to consummate the transactions contemplated by and between the Debtors and the Successful Bidder(s) (as defined below).  These APAs include the terms and conditions upon which the Debtors expect (subject to reasonable revision by a Qualified Bidder) the Assets to be sold.

Pursuant to these Bid Procedures and §363 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"), the Assets shall be sold free and clear of all liens, claims, rights, interests, and encumbrances.

The Assets shall be sold without warranty or representation of any kind or nature, and shall be purchased by the Successful Bidder(s) "as is – where is" and "with all faults."

**B.  Minimum Opening Bids and Overbids**

Prior to the Sale Procedure Hearing, the Debtors filed a notice with the Bankruptcy Court (the "Minimum Bid Notice"): (i) identifying the minimum amount that a bid for a specific Asset must be in order to open the bidding at the Auction (the "Minimum Opening Bid"); (ii) identifying the minimum amount by which a new bid at the Auction must exceed the previous highest bid for a specific Asset (the "Minimum Overbid"); (iii) identifying the amount (the "Qualified Bid Deposit") that must be deposited by an interested bidder prior to the Auction in order to become a Qualified Bidder (defined below); and (iv) attaching the proposed forms of APA to be used to consummate the sale of each of the Assets.

Upon approval of these Bid Procedures by the Bankruptcy Court, the Debtors incorporated the information included in the Minimum Bid Notice along with any changes announced at the Sale Procedure Hearing and/or required by the Bankruptcy Court prior to approval of these Bid Procedures into the Property Schedule attached hereto as Exhibit 1.

**C.     Payment of Brokerage Commissions**

        *i.    Situs, Inc.*

The Debtors have retained Situs, Inc. ("Situs") in connection with the marketing and sale of the Situs Assets.  The Debtors shall pay to Situs a commission of 5% of the gross sales price of any Situs Assets which are sold to a Qualified Bidder procured through Situs' marketing efforts.

        *ii.   Camelot*

The Debtors have retained Camelot Realty Group ("Camelot") in connection with the marketing and sale of the Camelot Assets.  The Debtors shall pay to Camelot a commission of 3% of the gross price of any Camelot Assets which are sold at the Auction.

        *iii.  Buyer's Agent Commissions*

The Debtors shall not pay the brokerage commissions incurred by any bidder in the Auction.

2

D. **Qualified Bidder Requirements**

The Debtors shall determine in their sole discretion whether a potential bidder is a Qualified Bidder. In order to be a "Qualified Bidder," a potential bidder must be a person or entity that:

    (i)    has delivered to the Debtors an executed confidentiality agreement in form and substance acceptable to the Debtors;

    (ii)    has delivered to the Debtors a signed statement (a "Bidder Qualification Statement") setting forth the following information:

        a. the full name and address of the proposed bidder, and if the proposed bidder is an entity, a description of such entity's ownership and structure sufficient to allow the Debtors to determine the identity of the individuals who control such entity;

        b. satisfactory evidence, in the opinion of the Debtors, of committed financing or other confirmable fiscal wherewithal to consummate a purchase should such potential bidder be determined to be the highest bidder for an Asset at the Auction;

        c. confirmation that the form APA is acceptable to the potential bidder or if the potential bidder requires modifications to the APA attaching a copy of the APA showing the bidder's proposed changes which shall not include the addition of any financing contingency;

        d. an affirmative statement from the bidder that it will fully and completely comply with these Bidding Procedures;

    (iii)    has delivered a good-faith deposit in an amount equal to the Qualified Bid Deposit[3] identified in the Property Schedule for the Assets upon which the bidder proposes to bid, in the form of a bank draft or wire transfer paid to the Debtors' counsel, Okin Adams & Kilmer LLP (wire instructions can be obtained from the Debtors);

    (iv)    has delivered the above items so that they are received by the Debtors on or before 5:00 pm Central Time on September 17, 2010 (the "Bid Deadline"); and

    (v)    meets all other requirements of these Bid Procedures.

All parties desiring to become a Qualified Bidder must deliver, no later than the Bid Deadline, the Bidder Qualification Statement, a Qualified Bid Deposit, and any other required items, to Debtor's counsel, Okin Adams & Kilmer LLP (att'n Sara Mya Keith), 1113 Vine St., Suite 201, Houston, Texas 77002.

---

[3] Only one Qualified Bid Deposit will be required per Qualified Bidder. While a Qualified Bidder may bid on multiple Assets, it will, however, only be eligible to bid on Assets for which the required Qualified Bid Deposit is equal to or less than the amount deposited by such Qualified Bidder.

The Debtors shall notify parties whether they are a Qualified Bidder within 24 hours after the Bid Deadline. Notwithstanding anything contained above, should a party fail to meet the qualifications to be considered a Qualified Bidder, the Debtors may allow such party to cure any deficiencies prior to the Auction.

E.   **Due Diligence**

Contingent upon the submission of a confidentiality agreement approved by the Debtors, and to assist potential bidders in conducting due diligence as to the Assets, the Debtors shall, until September 22, 2010 (the "Due Diligence Period"), provide potential bidders access to the Debtors' books, records, facilities, and professionals. If a Qualified Bidder elects to withdraw as a bidder and have its Qualified Bid Deposit returned prior to the Auction, it must submit written notice (the "Withdrawal Notice") of such withdrawal prior to the conclusion of the Due Diligence Period.

Subject to any order as may be entered by the Court, the Debtors are not required to provide confidential or proprietary information to any party if the Debtors reasonably believe that such disclosure would be detrimental to the interests and operations of the Debtors. The Debtors shall, in good faith, attempt to resolve any dispute arising from such a decision of the Debtors to exclude any requested due diligence information, but any unresolved disputes shall be presented to the Court for resolution.

F.   **Auction Process**

An auction for the sale of the Assets (the "Auction") will be held at 9:00 a.m. Central Time on September 23, 2010 at a location to be determined in Houston, Texas. The Debtors reserve all rights to cancel or reschedule the Auction for any reason at any time.

In order to participate in the Auction, all Qualified Bidders must appear in person at the Auction, or through a duly authorized representative. In addition to Qualified Bidders (along with their advisors and counsel), only representatives and advisors of the Debtors (including Situs and Camelot), Lone Star Bank ("Lone Star"), Sterling Bank ("Sterling," and collectively with Lone Star, the "Secured Lenders"), and Office of the United States Trustee for Region 6 shall be entitled to be present at the Auction. The Debtors may arrange for a stenographic record of the Auction to be made. Each Qualified Bidder shall be required to confirm that it has not engaged in any actions that would be considered inconsistent with these Bid Procedures or fundamentals of fairness with respect to the bidding on the Assets.

The Auction shall be conducted in rounds and in any order the Debtors determine. The Debtors will separately evaluate bids received during the Auction, including bids for individual Assets as well as bids for groups of Assets or the Assets in their entirety. The Debtors reserve the right to aggregate bids for individual Assets and compare such aggregated bids with bids for all or groups of the Assets in determining the then current best bid. The Debtors may return to an Auction for any group of the Assets at any time, until the Debtors have determined and named a Successful Bidder(s) for all of the Assets. At the end of every round, the Debtors shall declare the highest or otherwise best bid or bids at that time for the Assets then under consideration. The

4

Debtors reserve the right to approach any bidder and seek clarification to any bid at any time including, without limitation, inviting any bidder to communicate with other bidders if such communication would be beneficial to the Auction.

Each Qualified Bidder shall have the right to continue to improve its respective bid at the Auction. The initial minimum bid accepted at the Auction for each Asset shall be the amount of the Minimum Opening Bid established in the Property Schedule attached to these Procedures. Thereafter, Qualified Bidders may bid in any increments that they deem fit; provided however, that each subsequent bid must at least include a minimum increase from the previous highest bid equivalent to the Minimum Overbid for the specific Asset or the cumulative Minimum Overbid for the group of Assets.[4] Upon a determination by the Debtors that no further higher or otherwise better bid or bids have been received, the Debtors may conclude the Auction.

At the conclusion of the Auction, the Debtors shall determine which Qualified Bidder has submitted the highest and best bid (a "Successful Bid") and the Qualified Bidder submitting the next highest and best bid (a "Reserve Bid"). The Qualified Bidder(s) submitting the Successful Bid(s) shall become a "Successful Bidder(s)," and the Qualified Bidder(s) submitting the Reserve Bid(s) shall become a "Reserve Bidder(s)." Successful Bidder(s) and Reserve Bidder(s) may be named for some or all of the Assets, as determined by the Debtors.

The value of any bid(s), for purposes of these proceedings, shall be determined by comparing, among other things: (i) the type, number, and nature of any changes to the APA requested by each such Qualified Bidder(s); (ii) the extent to which such modifications are likely to delay the closing of the sale of the Assets, and the cost to the Debtors of such modifications or delay; (iii) the extent to which such Qualified Bid(s) includes the purchase of more or less of the Assets; (iv) the type and amount of consideration to be received by the Debtors' estates; (v) the amount of any cure payments which, if paid, would reduce the proceeds available for distribution to creditors; (vi) the likelihood of the Qualified Bidder(s) ability to close the transaction (including without limitation consideration of such Qualified Bidder(s) financial wherewithal); and (vii) the net benefit to the Debtors' estates.

Nothing herein shall preclude the Debtors from modifying any procedures at the Auction.

**G.     Return of Deposits**

Within 3 business days of the conclusion of the Auction, the Successful Bidder for each Asset must increase its Qualified Bid Deposit(s) to an amount equal to 10% of the amount of the Successful Bid(s) (combined with the Qualified Bid Deposit, the "Deposit"). If the Successful Bidder fails to timely pay the full Deposit, the Successful Bidder shall indefeasibly forfeit its Qualified Bid Deposit(s). Upon being given written notice of the Successful Bidder's failure to make the full Deposit, the Reserve Bidder will have 3 business days to pay the full Deposit on its Reserve Bid. If the Reserve Bidder fails to timely pay the full Deposit as required, the Reserve Bidder shall indefeasibly forfeit its Qualified Bid Deposit(s).

---

[4] Notwithstanding the contemplated Minimum Overbids set forth on Exhibit 1, the Debtors fully reserve any and all rights to modify the bid increment requirement, considering, among other factors, dollar value of the bid(s) and the Assets which are included in the bid(s).

5

The Deposit of the Successful Bidder(s) shall be applied to the Successful Bidder's obligations under the Successful Bid upon closing of the transactions contemplated thereby. If a Successful Bidder(s) fails to close the transactions contemplated by the Successful Bid, then such Successful Bidder(s) shall indefeasibly forfeit its Qualified Bid Deposit(s).

The Qualified Bid Deposit(s) of the Reserve Bidder(s) shall be returned to the Reserve Bidder(s) upon closing of the transactions contemplated by the Successful Bidder; provided, however, that if the Successful Bidder(s) fails to close the transactions when and as provided in the Successful Bid(s), then the Qualified Bid Deposit(s) of the Reserve Bidder(s) shall be applied to the Reserve Bidder's obligations under the Reserve Bid(s) upon closing of the transactions contemplated thereby. If a Reserve Bidder(s) fails to close the transactions contemplated by a Reserve Bid(s), then such Reserve Bidder(s) shall forfeit its Qualified Bid Deposit(s).

All other Qualified Bid Deposit(s) of Qualified Bidder(s) who are not the Successful Bidder(s) or Reserve Bidder(s) shall be returned within 5 business days after conclusion of the Auction.

The Debtors reserve all their rights regarding any return of the Qualified Bid Deposits, and failure by the Debtors to timely return any Qualified Bid Deposit(s) shall not serve as a claim for breach of any bid(s) or create any default in favor of any bidder(s).

**H.     Sale Hearing**

The Sale Hearing will be held on September __, 2010 at _____ before the Bankruptcy Court. At the Sale Hearing, the Debtors will seek the entry of an order (the "Sale Order") approving and authorizing the proposed sale to the Successful Bidder(s) and/or Reserve Bidder(s), if any. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

**I.     Closing**

The closing of any sale of any of the Assets (or a portion thereof) will occur in accordance with the terms of the Successful Bidder's APA, and shall occur not later than 20 days after entry of the Sale Order (the "Closing").

**J.     Credit Bid**

Both Sterling and Loan Star shall be entitled to exercise any credit bid rights they may have pursuant to § 365(k) of the Bankruptcy Code as to any Assets which are the subject of any verified indebtedness owed by any of the Debtors to either Sterling or Loan Star. For purposes of these Bid Procedures, both Sterling and Loan Star shall each be deemed to be Qualified Bidders and shall be entitled to participate in the Auction without having to satisfy any of the other requirements to be a Qualified Bidder.

**PLEASE DIRECT ANY QUESTIONS REGARDING THE FOREGOING BID PROCEDURES TO COUNSEL FOR THE DEBTORS**

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

# Property Schedule

## *Situs Assets*

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 1. | Coastal Breeze Apartments* 2311 71st Street, Galveston, TX  77551 GCAD# R120087 | | | |
| 2. | Park Place Apartments* 8401 Park Place, Houston TX  77017 HCAD# 0283430000004 | | | |
| 3. | Oak Pointe Apartments* 1111 Burke, Pasadena, TX 77056 HCAD# 0321070010053 | | | |
| 4. | Harbour Glen Apartments* 1225 10th St. N., Texas City, TX  77590 GCAD# P380118, R363362, R384844 | | | |
| 5. | Findlay Apartments 8117 Findlay, Houston, TX 77017 HCAD# 0283160000020 | | | |
| 6. | Pala Blanco & Ley Road, Houston, TX  77078 (35 acres Ley Rd)* HCAD# 0513850000006 | | | |

## *Camelot Assets*

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| | *Acreage* | | | |
| 7. | 12100 Martin Luther King Blvd., Houston, TX 77048 (17 Acres) & (4 Acres)* HCAD# 0450780000039 | | | |

\* Property subject to secured claim

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 8. | West Orem, Houston TX 77045* HCAD# 0681210010002 | | | |
| 9. | FM 1960 W Rd, Humble TX  77338 HCAD# 0410810000130 | | | |
| 10. | Elsbeth St. 906, ( 87,120 sq ft) Channelview, TX 77530* HCAD# 0650410060051 | | | |
| 11. | 14010 Forest Acres Dr. (5.567 Acres) Lot 56, Harris County, TX* HCAD# 0642370000056 | | | |
| 12. | Woodlyn Rd (2 Acres), Houston, TX  77078* HCAD# 0440240000340 | | | |
| 13. | Woodlyn Rd (10 Acres), Houston, TX  77078* HCAD# 0440240000340 | | | |
| | *Lots* | | | |
| 14. | Ashworth  St., (1.379 Acres) Houston, TX  77016 HCAD# 0410730000060 | | | |
| 15. | 119 Cherry Laurel St., Houston, TX 77336 HCAD# '0862270000119 | | | |
| 16. | Collins Rd. (20,000sf), Houston, TX 77093 HCAD# 0630670170003 | | | |
| 17. | Creekwood Dr. (#164 & 165), Spring, TX 77389 HCAD# 1000520000164, 1000520000165 | | | |
| 18. | 2601 Delafield St., Houston, TX 77023 HCAD# 0563490000144 | | | |
| 19. | Dockside St., Crosby, TX, 77532 (Lt 67, Blk 7, Newport Sec 7) HCAD# 1065270000067 | | | |

  * Property subject to secured claim

2

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 20. | Dorsal Way, Crosby TX 77532 (Lt 5, Blk 13, Newport Sec 3) HCAD# 1058490000005 | | | |
| 21. | 9803 Lodge Wood Ct., Houston, TX 77086 HCAD# 1060390000007 | | | |
| 22. | Port O Call St., Crosby TX 77532 (Lt 21, Blk 10, Newport Sec 5) HCAD# 1058460000021 | | | |
| 23. | Reba Ln., Huffman, TX 77336 HCAD# 0503480000058 | | | |
| 24. | 3343 Reeves St., Houston, TX 77004 HCAD# 0221340000013 | | | |
| 25. | 21702 Rio Villa Dr., Houston, TX 77049 HCAD# 1034330000011 | | | |
| 26. | S. Lighthouse Dr., Crosby TX 77532 (Lt 13, Blk 6, Newport Sec 3) HCAD# 1057390000013 | | | |
| 27. | 6639 W. Montgomery Rd., Houston, TX. 77091 HCAD# 0610030300016 | | | |
| 28. | 8321 Bassett St., Houston, TX 77051 HCAD# 0720350040014 | | | |
| 29. | Caddo, Houston, TX 77078 HCAD# 0810990000321 | | | |
| | ***Rental Houses/Condos*** | | | |
| 30. | 2708 Avenue G, Dickinson, TX 77539* GCAD# P380118 | | | |
| 31. | 2425 Lucky St., Houston, TX 77088* HCAD# 01626900700007 | | | |
| 32. | 2918 Clementine St., Houston, TX 77026 HCAD# 0141400000001 | | | |

* Property subject to secured claim

3

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 33. | 10110 Forum Park Dr., #L172, Houston, TX 77036 HCAD# 1141640130004 | | | |
| 34. | 9505 Neuens Rd., Houston, TX 77080 HCAD# 1113080000003 | | | |
| 35. | 2706 Highview Dr., Houston, TX 77039 HCAD# 0931570000217 | | | |
| 36. | 10134 Palestine St., Houston, TX 77029 HCAD# 0552190020009 | | | |
| 37. | 7415 Winkleman, Houston, TX 77083 HCAD# 1150300020052 | | | |
| 38. | 807 Washington St., Houston, TX 77578 HCAD# 0340490950013 | | | |
| 39. | 3611 Highfalls Dr., Houston TX 77068 HCAD# 1085680000007 | | | |

* Property subject to secured claim

Exhibit 1