# **<u>Exhibit C</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (II) REQUIREMENT TO PROVIDE INFORMATION AS TO CURE AMOUNTS; AND (III) PROCESS FOR DETERMINING CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Pursuant to the *Order (i) Approving Auction and Bidding Procedures and an Auction Date; (ii) Scheduling Date and Time for Sale Hearing; (iii) Approving the Form and Manner of Service of Notice of Sale Hearing and Auction; (iv) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (v) Granting Related Relief* (the "Bidding Procedure Order"),[1] the Debtors in the above-captioned cases (the "Debtors") hereby provide notice that the executory contracts and or unexpired leases listed on **Exhibit 1** hereto may be assumed by the Debtors and/or assigned, pursuant to § 365 of the Bankruptcy Code, to the person(s) submitting the highest and best offer(s) for the Assets (an "Assignee") or any portion thereof pursuant to the bidding procedures approved under the Bidding Procedure Order.

Opposite the name of each non-Debtor party to an executory contract or unexpired lease listed on **Exhibit 1** is the dollar amount (the "Cure Amount") that the Debtors believe is necessary as of August 24, 2010 to cure any defaults under any such contract or lease to which such non-Debtor is a party.

If you object to: (i) the Cure Amount listed for a given executory contract or unexpired lease on **Exhibit 1**; or (ii) to the assumption and/or assignment of a given unexpired lease or executory contract to any Assignee, then on or before September _____, 2010 (the "Objection Deadline"), you or your attorney must file a written objection (the "Objection") with the Bankruptcy Court which explains your position.  If you mail your Objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the Objection Deadline.

You must also mail a copy of the Objection to: (i) the Debtors; (ii) the United States Trustee; (iii) counsel for Sterling and Loan Star; and (iv) all parties requesting service of notice and other motions and pleadings in these chapter 11 proceedings.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedure Order.

The Objection must: (i) state with specificity why you object to the Cure Amount, list what cure amount you believe is required, and provide sufficient documentation to support the cure amount you assert; and (ii) in the event you object to the assumption and/or assignment of a given executory contract or unexpired lease, list the reasons for such objection.  If no Objection is timely filed with respect to a given Cure Amount, the Cure Amount set forth herein for such executory contract or unexpired lease shall be binding upon the non-Debtor party to such executory contract or unexpired lease.  All non-Debtor parties that timely file an Objection are required to appear at the Sale Hearing, which is scheduled to take place on _____ _____, 2010 at _____:_____ ___.M. Central Time in the courtroom of the Honorable Richard S. Schmidt, Room 208, 1133 North Shoreline Blvd., Corpus Christi, Texas 78401.

**OKIN ADAMS & KILMER LLP**

By: ___/s/ *Sara Mya Keith*___
Matthew S. Okin (TB# 00784695)
mokin@oakllp.com
Sara Mya Keith (TB# 24062938)
skeith@oakllp.com
1113 Vine St. Suite 201
Houston, TX  77002
Tel:  (713) 228-4100
Fax: (888) 865-2118

**ATTORNEYS FOR THE DEBTORS**