IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**ORDER: (I) APPROVING AUCTION AND BIDDING
PROCEDURES AND AUCTION DATE; (II) SCHEDULING
DATE AND TIME FOR SALE HEARING; (III) APPROVING
FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING;
(IV) APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (V) GRANTING RELATED RELIEF**

This matter having come before the Court on the *Motion for an Order (i) Approving Auction and Bidding Procedures and Auction Date; (ii) Scheduling a Date and Time for Sale Hearing; (iii) Approving Form and Manner of Service of Notice of Auction and Sale Hearing; (iv) Approving the Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (v) Granting Related Relief* (the "Sale Procedure Motion") filed by the debtors in the above-captioned cases (the "Debtors"), seeking the entry of an order: (i) establishing the bidding and auction procedures (the "Bidding Procedures") that will govern the sale of substantially all of the assets of the Debtors (the "Assets"); (ii) scheduling the hearing (the "Sale Hearing") to approve the sale of the Assets (the "Sale"); (iii) approving the proposed form of service of notice (the "Sale Notice") for the Sale; and (iv) approving the form of service of notice related to the assumption and assignment of unexpired leases and executory contracts (the "Cure Claim Notice"). Unless otherwise defined herein, capitalized terms in this order (the "Sales Procedure Order") shall be given the same meaning accorded to such terms in the Sale Procedure Motion. The Court has considered the

entire record in these proceedings to date and the arguments presented by counsel for the various parties reflected in the record at the hearing held on August 24, 2010.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief sought herein include: (i) §§ 105(a), 363, 365, and 1146(c) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and (ii) Rules 2002, 4001(d), 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

B.   The Debtors, in conjunction with the assistance of the Brokers, have been diligently marketing the Assets for sale.

C.   The Debtors have formulated a proposed Asset Purchase Agreement (the "<u>APA</u>").

D.   Proper notice has been given to all necessary parties with respect to the Sale Procedure Motion and all matters addressed in this Sale Procedure Order.

E.   The Debtors have shown good and sufficient business reasons for the relief requested in the Sale Procedure Motion and have exercised prudent and reasonable business judgment with respect thereto.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. The Bidding Procedures be and hereby are approved as attached hereto as **Exhibit A**, and the Debtors are authorized to proceed with the Auction and sale process in accordance with the Bidding Procedures.

2. The APA is hereby approved, and the Debtors are authorized to proceed with the APA as part of the Bidding Procedures.

3. The form of Sale Notice attached hereto as **Exhibit B** is approved. Within three business days after the entry of this Sale Procedure Order, the Debtors shall serve the Sale Notice on the following entities: (i) all parties that were contacted by the Debtors or their advisors in connection with the marketing and sale process for the Assets; (ii) all other prospective offerors and parties-in-interest upon written request to the Debtors; (iii) all entities who receive electronic notice in the Debtors' bankruptcy proceedings; and (iv) all parties pursuant to Bankruptcy Rules 6004(a), 6004(c), 6006(c), and 9014. Pursuant to Bankruptcy Rule 2002, service of the Sale Notice shall constitute good and sufficient notice of the Bidding Procedures (including the APA), the Auction, this Sale Procedure Order, the Sale Motion, and the Sale Hearing (and any proceedings to be held thereon or related thereto) on all known and unknown creditors and parties-in-interest.

4. The form of Cure Claim Notice attached hereto as **Exhibit C** is approved. The Debtors shall serve the Cure Claim Notice upon all parties to executory contracts and unexpired leases (the "Contracts") that are or may be assumed and assigned in connection with the Sale within three (3) business days after entry of this Sales Procedure Order. The Cure Claim Notice shall provide: (i) notice of the Debtors' intent to assume and assign certain of the Contracts to any Successful Bidder; (ii) a schedule of the Contracts and all monetary defaults, if any,

associated with each Contract which are required to be cured under § 365 of the Bankruptcy Code (the "Cure Amounts"); and (iii) the procedures for filing objections to the assumption and assignment of the Contracts, including any objections to the proposed Cure Amounts.

5. Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules, Local Rules, and orders of this Court, and shall set forth: (i) the nature of the objector's claims against or interests in the Debtors' estates; (ii) the basis for the objection; (iii) the specific grounds therefore; and (iv) all evidence in support of said objection.  Objections shall be filed and served so as to be received, no later than five (5) days prior to the Sale Hearing, by: (i) the Debtors; (ii) the United States Trustee; (iii) counsel for Sterling and Loan Star; and (iv) all parties requesting service of notice and other motions and pleadings in these chapter 11 proceedings.  Any person that does not comply with this paragraph shall not be heard at the Sale Hearing.  If any Qualified Bidder objects to the Debtors' determination of another Qualified Bid as a higher or better bid for the Assets, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction.

6. Except as set forth above, nothing otherwise contained in Sale Procedure Order shall be deemed to deprive any party of the right to timely object to the Sale Motion.

7. The Sale Hearing to consider the relief requested in the Sale Motion and to consider whether to approve the bid by Successful Bidder shall be held on _____, 2010 at ____:____ __.M. Central Time at Room 208, 1133 North Shoreline Blvd., Corpus Christi, Texas 78401.

8. The Bidding Procedures are solely for the benefit of the Debtors and nothing contained in this Sale Procedure Order shall create any rights in any other person or bidder.

9. The Court shall retain jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Procedure Order.

Dated: _____.

                                                                                 _____
THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE