IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
08/26/2010

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**ORDER: (I) APPROVING AUCTION AND BIDDING
PROCEDURES AND AUCTION DATE; (II) SCHEDULING
DATE AND TIME FOR SALE HEARING; (III) APPROVING
FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING;
(IV) APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (V) GRANTING RELATED RELIEF**

276

This matter having come before the Court on the *Motion for an Order (i) Approving Auction and Bidding Procedures and Auction Date; (ii) Scheduling a Date and Time for Sale Hearing; (iii) Approving Form and Manner of Service of Notice of Auction and Sale Hearing; (iv) Approving the Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (v) Granting Related Relief* (the "Sale Procedure Motion") filed by the debtors in the above-captioned cases (the "Debtors"), seeking the entry of an order: (i) establishing the bidding and auction procedures (the "Bidding Procedures") that will govern the sale of substantially all of the assets of the Debtors (the "Assets"); (ii) scheduling the hearing (the "Sale Hearing") to approve the sale of the Assets (the "Sale"); (iii) approving the proposed form of service of notice (the "Sale Notice") for the Sale; and (iv) approving the form of service of notice related to the assumption and assignment of unexpired leases and executory contracts (the "Cure Claim Notice"). Unless otherwise defined herein, capitalized terms in this order (the "Sales Procedure Order") shall be given the same meaning accorded to such terms in the Sale Procedure Motion. The Court has considered the

entire record in these proceedings to date and the arguments presented by counsel for the various parties reflected in the record at the hearing held on August 24, 2010.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein include: (i) §§ 105(a), 363, 365, and 1146(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and (ii) Rules 2002, 4001(d), 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  The Debtors, in conjunction with the assistance of the Brokers, have been diligently marketing the Assets for sale.

C.  The Debtors have formulated a proposed Asset Purchase Agreement (the "APA").

D.  Proper notice has been given to all necessary parties with respect to the Sale Procedure Motion and all matters addressed in this Sale Procedure Order.

E.  The Debtors have shown good and sufficient business reasons for the relief requested in the Sale Procedure Motion and have exercised prudent and reasonable business judgment with respect thereto.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1.  The Bidding Procedures be and hereby are approved as attached hereto as **Exhibit A**, and the Debtors are authorized to proceed with the Auction and sale process in accordance with the Bidding Procedures.

2. The APA is hereby approved, and the Debtors are authorized to proceed with the APA as part of the Bidding Procedures.

3. The form of Sale Notice attached hereto as **Exhibit B** is approved.  Within five (5) business days after the entry of this Sale Procedure Order, the Debtors shall serve the Sale Notice on the following entities: (i) all parties that were contacted by the Debtors or their advisors in connection with the marketing and sale process for the Assets; (ii) all other prospective offerors and parties-in-interest upon written request to the Debtors; (iii) all entities who receive electronic notice in the Debtors' bankruptcy proceedings; and (iv) all parties pursuant to Bankruptcy Rules 6004(a), 6004(c), 6006(c), and 9014.  Pursuant to Bankruptcy Rule 2002, service of the Sale Notice shall constitute good and sufficient notice of the Bidding Procedures (including the APA), the Auction, this Sale Procedure Order, the Sale Motion, and the Sale Hearing (and any proceedings to be held thereon or related thereto) on all known and unknown creditors and parties-in-interest.

4. The form of Cure Claim Notice attached hereto as **Exhibit C** is approved.  The Debtors shall serve the Cure Claim Notice upon all parties to executory contracts and unexpired leases (the "Contracts") that are or may be assumed and assigned in connection with the Sale within five (5) business days after entry of this Sales Procedure Order.  The Cure Claim Notice shall provide: (i) notice of the Debtors' intent to assume and assign certain of the Contracts to any Successful Bidder; (ii) a schedule of the Contracts and all monetary defaults, if any, associated with each Contract which are required to be cured under § 365 of the Bankruptcy Code (the "Cure Amounts"); and (iii) the procedures for filing objections to the assumption and assignment of the Contracts, including any objections to the proposed Cure Amounts.

5.       Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules, Local Rules, and orders of this Court, and shall set forth: (i) the nature of the objector's claims against or interests in the Debtors' estates; (ii) the basis for the objection; (iii) the specific grounds therefore; and (iv) all evidence in support of said objection.  <u>Objections shall be filed and served so as to be received, no later than September 27, 2010</u>, by:  (i) the Debtors; (ii) the United States Trustee; (iii) counsel for Sterling and Lone Star; and (iv) all parties requesting service of notice and other motions and pleadings in these chapter 11 proceedings.  Any person that does not comply with this paragraph shall not be heard at the Sale Hearing.  If any Qualified Bidder objects to the Debtors' determination of another Qualified Bid as a higher or better bid for the Assets, the sole and exclusive remedy of such Qualified Bidder shall be to bid under protest at the Auction.

6.       Except as set forth above, nothing otherwise contained in Sale Procedure Order shall be deemed to deprive any party of the right to timely object to the Sale Motion.

7.       The Sale Hearing to consider the relief requested in the Sale Motion and to consider whether to approve the bid by Successful Bidder shall be held on <u>October 4, 2010 at 2:00 P.M. Central Time</u> at Room 208, 1133 North Shoreline Blvd., Corpus Christi, Texas 78401.

8.       The Bidding Procedures are solely for the benefit of the Debtors and nothing contained in this Sale Procedure Order shall create any rights in any other person or bidder.

9.       The Court shall retain jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Procedure Order.

Dated: _August 26, 2010_____.

_____
THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

PROCEDURES FOR SOLICITATION AND SELECTION OF
HIGHEST AND BEST QUALIFIED BIDDER IN CONNECTION
WITH SALE OF SUBSTANTIALLY ALL THE ASSETS
OF AMIDEE CAPITAL GROUP, INC., ET AL.

THE FOLLOWING PROCEDURES WERE APPROVED BY THE BANKRUPTCY COURT AT THE HEARING CONDUCTED ON AUGUST 24, 2010 (the "Sale Procedure Hearing") TO CONSIDER APPROVAL OF THE DEBTORS' PROPOSED AUCTION AND BIDDING PROCEDURES.

A.     Assets to be Sold

The assets to be sold consist of: (i) the Findlay Apartments, an apartment complex located at 8117 Findlay, Houston, Texas  77017 ("Findlay"); (ii) the Coastal Breeze Apartments, an apartment complex located at 2311 71st Street, Galveston, Texas  77551 ("Coastal Breeze"); (iii) the Park Place Apartments, an apartment complex located at 8401 Park Place, Houston, Texas 77017 ("Park Place"); (iv) the Oak Pointe Apartments, an apartment complex located at 1111 Burke, Pasadena, Texas  77056 ("Oak Pointe"); (v) the Harbour Glen Apartments, an apartment complex located at 1225 10th St. N., Texas City, Texas  77590 ("Harbour Glen," and collectively with Findlay, Coastal Breeze, Park Place, Oak Pointe, and the 35 acre tract on Ley Road (together the "Situs Assets"); and (vi) numerous parcels of developed and undeveloped real property located in Houston, Texas and surrounding areas, a list of which properties is found within the Property Schedule[1] (not including the 35 acre tract on Ley Road, the "Camelot Assets") and collectively with the Situs Assets, the "Assets").

The Assets may be sold in bulk or in piecemeal as necessary to maximize the value to be paid by Successful Bidder(s) (as defined below) for the Assets.  Accordingly, potential purchasers of the Assets may submit bids to purchase any or all of the Situs Assets and the Camelot Assets.

The Debtors have developed a form Asset Purchase Agreement (in each case, an "APA") to consummate the transactions contemplated by and between the Debtors and the Successful Bidder(s) (as defined below).  These APAs include the terms and conditions upon which the Debtors expect (subject to reasonable revision by a Qualified Bidder) the Assets to be sold.

---

[1] A schedule (the "Property Schedule") of the individual properties which comprise the Situs Assets and Camelot Assets is attached hereto as **Exhibit 1**.  In addition to the name and location of each Asset, the Property Schedule also contains a Minimum Opening Bid (defined below) and Minimum Overbid (defined below) for each individual Asset.

Pursuant to these Bid Procedures and §363 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"), the Assets shall be sold free and clear of all liens, claims, rights, interests, and encumbrances.

The Assets shall be sold without warranty or representation of any kind or nature, and shall be purchased by the Successful Bidder(s) "as is – where is" and "with all faults."

**B. Minimum Opening Bids and Overbids**

Prior to the Sale Procedure Hearing, the Debtors filed a notice with the Bankruptcy Court (the "Minimum Bid Notice"): (i) identifying the minimum amount that a bid for a specific Asset must be in order to open the bidding at the Auction (the "Minimum Opening Bid"); (ii) identifying the minimum amount by which a new bid at the Auction must exceed the previous highest bid for a specific Asset (the "Minimum Overbid"); (iii) identifying the amount (the "Qualified Bid Deposit") that must be deposited by an interested bidder prior to the Auction in order to become a Qualified Bidder (defined below); and (iv) attaching the proposed forms of APA to be used to consummate the sale of each of the Assets.

Upon approval of these Bid Procedures by the Bankruptcy Court, the Debtors incorporated the information included in the Minimum Bid Notice along with any changes announced at the Sale Procedure Hearing and/or required by the Bankruptcy Court prior to approval of these Bid Procedures into the Property Schedule attached hereto as Exhibit 1.

**C.     Payment of Brokerage Commissions**

   *i.     Situs, Inc.*

The Debtors have retained Situs, Inc. ("Situs") in connection with the marketing and sale of the Situs Assets. The Debtors shall pay to Situs a commission of 5% of the gross sales price of any Situs Assets which are sold to a Qualified Bidder procured through Situs' marketing efforts.

   *ii.    Camelot*

The Debtors have retained Camelot Realty Group ("Camelot") in connection with the marketing and sale of the Camelot Assets. The Debtors shall pay to Camelot a commission of 3% of the gross price of any Camelot Assets which are sold at the Auction.

   *iii.   Buyer's Agent Commissions*

The Debtors shall not pay the brokerage commissions incurred by any bidder in the Auction.

**D.     Qualified Bidder Requirements**

The Debtors shall determine in their sole discretion whether a potential bidder is a Qualified Bidder. In order to be a "Qualified Bidder," a potential bidder must be a person or entity that:

   (i)    has delivered to the Debtors an executed confidentiality agreement in form and substance acceptable to the Debtors;

    (ii)    has delivered to the Debtors a signed statement (a "<u>Bidder Qualification Statement</u>") setting forth the following information:

        a. the full name and address of the proposed bidder, and if the proposed bidder is an entity, a description of such entity's ownership and structure sufficient to allow the Debtors to determine the identity of the individuals who control such entity;

        b. satisfactory evidence, in the opinion of the Debtors, of committed financing or other confirmable fiscal wherewithal to consummate a purchase should such potential bidder be determined to be the highest bidder for an Asset at the Auction;

        c. confirmation that the form APA is acceptable to the potential bidder or if the potential bidder requires modifications to the APA attaching a copy of the APA showing the bidder's proposed changes which shall not include the addition of any financing contingency;

        d. an affirmative statement from the bidder that it will fully and completely comply with these Bidding Procedures;

    (iii)    has delivered a good-faith deposit in an amount equal to the Qualified Bid Deposit$^2$ identified in the Property Schedule for the Assets upon which the bidder proposes to bid, in the form of a bank draft or wire transfer paid to the Debtors' counsel, Okin Adams & Kilmer LLP (wire instructions can be obtained from the Debtors);

    (iv)    has delivered the above items so that they are received by the Debtors on or before 5:00 pm Central Time on September 17, 2010 (the "<u>Bid Deadline</u>"); and

    (v)    meets all other requirements of these Bid Procedures.

All parties desiring to become a Qualified Bidder must deliver, no later than the Bid Deadline, the Bidder Qualification Statement, a Qualified Bid Deposit, and any other required items, to Debtor's counsel, Okin Adams & Kilmer LLP (att'n Sara Mya Keith), 1113 Vine St., Suite 201, Houston, Texas 77002.

The Debtors shall notify parties whether they are a Qualified Bidder within 24 hours after the Bid Deadline. Notwithstanding anything contained above, should a party fail to meet the qualifications to be considered a Qualified Bidder, the Debtors may allow such party to cure any deficiencies prior to the Auction.

**E.    Due Diligence**

Contingent upon the submission of a confidentiality agreement approved by the Debtors, and to assist potential bidders in conducting due diligence as to the Assets, the Debtors shall, until September 22, 2010 (the "<u>Due Diligence Period</u>"), provide potential bidders access to the Debtors' books, records, facilities, and professionals. If a Qualified Bidder elects to withdraw as

---

$^2$ Only one Qualified Bid Deposit will be required per Qualified Bidder. While a Qualified Bidder may bid on multiple Assets, it will, however, only be eligible to bid on Assets for which the required Qualified Bid Deposit is equal to or less than the amount deposited by such Qualified Bidder.

a bidder and have its Qualified Bid Deposit returned prior to the Auction, it must submit written notice (the "Withdrawal Notice") of such withdrawal prior to the conclusion of the Due Diligence Period.

Subject to any order as may be entered by the Court, the Debtors are not required to provide confidential or proprietary information to any party if the Debtors reasonably believe that such disclosure would be detrimental to the interests and operations of the Debtors. The Debtors shall, in good faith, attempt to resolve any dispute arising from such a decision of the Debtors to exclude any requested due diligence information, but any unresolved disputes shall be presented to the Court for resolution.

F.   **Auction Process**

An auction for the sale of the Assets (the "Auction") will be held at 9:00 a.m. Central Time on September 23, 2010 at the offices of Sterling's counsel—Winstead PC, 1100 JP Morgan Tower, 600 Travis St., Houston, Texas 77002. The Debtors reserve all rights to cancel or reschedule the Auction for any reason at any time.

In order to participate in the Auction, all Qualified Bidders must appear in person at the Auction, or through a duly authorized representative. In addition to Qualified Bidders (along with their advisors and counsel), only representatives and advisors of the Debtors (including Situs and Camelot), Lone Star Bank ("Lone Star"), Sterling Bank ("Sterling," and collectively with Lone Star, the "Secured Lenders"), and Office of the United States Trustee for Region 6 shall be entitled to be present at the Auction. The Debtors may arrange for a stenographic record of the Auction to be made. Each Qualified Bidder shall be required to confirm that it has not engaged in any actions that would be considered inconsistent with these Bid Procedures or fundamentals of fairness with respect to the bidding on the Assets.

The Auction shall be conducted in rounds and in any order the Debtors determine.[3] Bids for the Situs Assets and those Camelot Assets that are subject to secured claims (indicated with an asterisk on Exhibit 1) may not be aggregated. The Debtors will accept bids for all other Assets during the Auction for individual Assets as well as bids for groups of Assets or the Assets in their entirety. Where bids for groups of Assets are received, the Debtors reserve the right to aggregate bids for individual Assets and compare such aggregated bids with bids for all or groups of the Assets in determining the then current best bid.

The Debtors may return to an Auction for any group of the Assets at any time, until the Debtors have determined and named a Successful Bidder(s) for all of the Assets. At the end of every round, the Debtors shall declare the highest or otherwise best bid or bids at that time for the Assets then under consideration. The Debtors reserve the right to approach any bidder and seek clarification to any bid at any time including, without limitation, inviting any bidder to communicate with other bidders if such communication would be beneficial to the Auction.

---

[3] The exact procedure for the Auction will be announced to Qualified Bidders in advance of the Auction, provided, however, the sale of the Situs Assets and those Camelot Assets that are subject to secured claims (indicated with an asterisk on Exhibit 1) shall be conducted in rounds, by live open bid auction with each Asset sold separately, unless an alternative means of conducting the Auction is agreed upon prior to the start of the Auction between the Debtors and the Secured Lender holding a lien on such Asset(s).

4

Each Qualified Bidder shall have the right to continue to improve its respective bid at the Auction. The initial minimum bid accepted at the Auction for each Asset shall be the amount of the Minimum Opening Bid established in the Property Schedule attached to these Procedures. Thereafter, Qualified Bidders may bid in any increments that they deem fit; provided however, that each subsequent bid must at least include a minimum increase from the previous highest bid equivalent to the Minimum Overbid for the specific Asset or the cumulative Minimum Overbid for the group of Assets.[4] Upon a determination by the Debtors that no further higher or otherwise better bid or bids have been received, the Debtors may conclude the Auction.

At the conclusion of the Auction, the Debtors shall determine which Qualified Bidder has submitted the highest and best bid (a "Successful Bid") and the Qualified Bidder submitting the next highest and best bid (a "Reserve Bid"). The Qualified Bidder(s) submitting the Successful Bid(s) shall become a "Successful Bidder(s)," and the Qualified Bidder(s) submitting the Reserve Bid(s) shall become a "Reserve Bidder(s)." Successful Bidder(s) and Reserve Bidder(s) may be named for some or all of the Assets, as determined by the Debtors.

The value of any bid(s), for purposes of these proceedings, shall be determined by comparing, among other things: (i) the type, number, and nature of any changes to the APA requested by each such Qualified Bidder(s); (ii) the extent to which such modifications are likely to delay the closing of the sale of the Assets, and the cost to the Debtors of such modifications or delay; (iii) the extent to which such Qualified Bid(s) includes the purchase of more or less of the Assets; (iv) the type and amount of consideration to be received by the Debtors' estates; (v) the amount of any cure payments which, if paid, would reduce the proceeds available for distribution to creditors; (vi) the likelihood of the Qualified Bidder(s) ability to close the transaction (including without limitation consideration of such Qualified Bidder(s) financial wherewithal); and (vii) the net benefit to the Debtors' estates.

Nothing herein shall preclude the Debtors from modifying any procedures at the Auction.

**G.     Return of Deposits**

Within 3 business days of the conclusion of the Auction, the Successful Bidder for each Asset must increase its Qualified Bid Deposit(s) to an amount equal to 10% of the amount of the Successful Bid(s) (combined with the Qualified Bid Deposit, the "Deposit"). If the Successful Bidder fails to timely pay the full Deposit, the Successful Bidder shall indefeasibly forfeit its Qualified Bid Deposit(s). Upon being given written notice of the Successful Bidder's failure to make the full Deposit, the Reserve Bidder will have 3 business days to pay the full Deposit on its Reserve Bid. If the Reserve Bidder fails to timely pay the full Deposit as required, the Reserve Bidder shall indefeasibly forfeit its Qualified Bid Deposit(s).

The Deposit of the Successful Bidder(s) shall be applied to the Successful Bidder's obligations under the Successful Bid upon closing of the transactions contemplated thereby. If a Successful Bidder(s) fails to close the transactions contemplated by the Successful Bid, then such Successful Bidder(s) shall indefeasibly forfeit its Qualified Bid Deposit(s).

---

[4] Notwithstanding the contemplated Minimum Overbids set forth on Exhibit 1, the Debtors fully reserve any and all rights to modify the bid increment requirement, considering, among other factors, dollar value of the bid(s) and the Assets which are included in the bid(s).

The Qualified Bid Deposit(s) of the Reserve Bidder(s) shall be returned to the Reserve Bidder(s) upon closing of the transactions contemplated by the Successful Bidder; provided, however, that if the Successful Bidder(s) fails to close the transactions when and as provided in the Successful Bid(s), then the Qualified Bid Deposit(s) of the Reserve Bidder(s) shall be applied to the Reserve Bidder's obligations under the Reserve Bid(s) upon closing of the transactions contemplated thereby. If a Reserve Bidder(s) fails to close the transactions contemplated by a Reserve Bid(s), then such Reserve Bidder(s) shall forfeit its Qualified Bid Deposit(s).

All other Qualified Bid Deposit(s) of Qualified Bidder(s) who are not the Successful Bidder(s) or Reserve Bidder(s) shall be returned within 5 business days after conclusion of the Auction.

The Debtors reserve all their rights regarding any return of the Qualified Bid Deposits, and failure by the Debtors to timely return any Qualified Bid Deposit(s) shall not serve as a claim for breach of any bid(s) or create any default in favor of any bidder(s).

**H.   Sale Hearing**

The Sale Hearing will be held on October 4, 2010 at 2 p.m. Central Time before the Bankruptcy Court. At the Sale Hearing, the Debtors will seek the entry of an order (the "Sale Order") approving and authorizing the proposed sale to the Successful Bidder(s) and/or Reserve Bidder(s), if any. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

**I.   Closing**

The closing of any sale of any of the Assets (or a portion thereof) will occur in accordance with the terms of the Successful Bidder's APA, and shall occur not later than 20 days after entry of the Sale Order (the "Closing").

**J.   Credit Bid**

Both Sterling and Lone Star shall be entitled to exercise their respective credit bid rights pursuant to § 363(k) of the Bankruptcy Code as to any Assets which are the subject of any indebtedness owed by any of the Debtors to either Sterling or Lone Star. For purposes of these Bid Procedures, both Sterling and Lone Star shall each be deemed to be Qualified Bidders and shall be entitled to participate in the Auction without having to satisfy any of the other requirements to be a Qualified Bidder.

**PLEASE DIRECT ANY QUESTIONS REGARDING THE FOREGOING BID PROCEDURES TO COUNSEL FOR THE DEBTORS**

Exhibit A

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

# Property Schedule

## *Situs Assets*

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 1. | Coastal Breeze Apartments*<br>2311 71st Street, Galveston, TX  77551<br>GCAD# R120087 | $750,000 | $25,000 | $15,000 |
| 2. | Park Place Apartments*<br>8401 Park Place, Houston TX  77017<br>HCAD# 0283430000004 | $475,000 | $25,000 | $15,000 |
| 3. | Oak Pointe Apartments*<br>1111 Burke, Pasadena, TX 77056<br>HCAD# 0321070010053 | $2,550,000 | $25,000 | $25,000 |
| 4. | Harbour Glen Apartments*<br>1225 10th St. N., Texas City, TX  77590<br>GCAD# P380118, R363362, R384844 | $1,545,000 | $25,000 | $25,000 |
| 5. | Findlay Apartments<br>8117 Findlay, Houston, TX 77017<br>HCAD# 0283160000020 | $230,000 | $10,000 | $15,000 |
| 6. | Pala Blanco & Ley Road, Houston, TX  77078 (35 acres Ley Rd)*<br>HCAD# 0513850000006 | $450,000 | $25,000 | $15,000 |

## *Camelot Assets*

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| | *Acreage* | | | |
| 7. | 12100 Martin Luther King Blvd., Houston, TX 77048 (17 Acres) & (4 Acres)*<br>HCAD# 0450780000039 | $500,000 (17 acres)<br><br>$150,000 (4 acres) | $25,000 (17 acres)<br><br>$10,000 (4 acres) | $15,000 (17 acres)<br><br>$10,000 (4 acres) |

\* Property subject to secured claim

8/25/2010

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 8. | West Orem, Houston TX 77045*<br>HCAD# 0681210010002 | $140,000 | $10,000 | $10,000 |
| 9. | FM 1960 W Rd, Humble TX 77338<br>HCAD# 0410810000130 | $110,000 | $10,000 | $10,000 |
| 10. | Elsbeth St. 906, ( 87,120 sq ft) Channelview, TX 77530<br>HCAD# 0650410060051 | $37,000 | $5,000 | $5,000 |
| 11. | 14010 Forest Acres Dr. (5.567 Acres) Lot 56, Harris County, TX<br>HCAD# 0642370000056 | $49,000 | $5,000 | $5,000 |
| 12. | Woodlyn Rd (2 Acres), Houston, TX 77078<br>HCAD# 0440240000340 | $5,000 | $500 | $5,000 |
| 13. | Woodlyn Rd (10 Acres), Houston, TX 77078<br>HCAD# 0440240000340 | $225,000 | $10,000 | $10,000 |
| | *Lots* | | | |
| 14. | Ashworth St., (1.379 Acres) Houston, TX 77016<br>HCAD# 0410730000060 | $47,000 | $5,000 | $5,000 |
| 15. | 119 Cherry Laurel St., Houston, TX 77336<br>HCAD# '0862270000119 | $1,250 | $250 | $5,000 |
| 16. | Collins Rd. (20,000sf), Houston, TX 77093<br>HCAD# 0630670170003 | $14,500 | $3,000 | $5,000 |
| 17. | Creekwood Dr. (#164 & 165), Spring, TX 77389<br>HCAD# 1000520000164, 1000520000165 | $17,500 | $3,000 | $5,000 |
| 18. | 2601 Delafield St., Houston, TX 77023<br>HCAD# 0563490000144 | $20,000 | $3,000 | $5,000 |
| 19. | Dockside St., Crosby, TX, 77532 (Lt 67, Blk 7, Newport Sec 7)<br>HCAD# 1065270000067 | $8,000 | $500 | $5,000 |

\* Property subject to secured claim

2

8/25/2010

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 20. | Dorsal Way, Crosby TX 77532 (Lt 5, Blk 13, Newport Sec 3) HCAD# 1058490000005 | $8,000 | $500 | $5,000 |
| 21. | 9803 Lodge Wood Ct., Houston, TX 77086 HCAD# 1060390000007 | $16,300 | $3,000 | $5,000 |
| 22. | Port O Call St., Crosby TX 77532 (Lt 21, Blk 10, Newport Sec 5) HCAD# 1058460000021 | $8,000 | $500 | $5,000 |
| 23. | Reba Ln., Huffman, TX 77336 HCAD# 0503480000058 | $7,000 | $500 | $5,000 |
| 24. | 3343 Reeves St., Houston, TX 77004 HCAD# 0221340000013 | $28,000 | $3,000 | $5,000 |
| 25. | 21702 Rio Villa Dr., Houston, TX 77049 HCAD# 1034330000011 | $6,000 | $500 | $5,000 |
| 26. | S. Lighthouse Dr., Crosby TX  77532 (Lt 13, Blk 6, Newport Sec 3) HCAD# 1057390000013 | $8,000 | $500 | $5,000 |
| 27. | 6639 W. Montgomery Rd., Houston, TX. 77091 HCAD# 0610030300016 | $16,250 | $3,000 | $5,000 |
| 28. | 8321 Bassett St., Houston, TX  77051 HCAD# 0720350040014 | $22,500 | $3,000 | $5,000 |
| 29. | Caddo, Houston, TX 77078 HCAD# 0810990000321 | $5,000 | $500 | $5,000 |
| | *Rental Houses/Condos* | | | |
| 30. | 2708 Avenue G, Dickinson, TX 77539* GCAD# P380118 | $47,000 | $5,000 | $5,000 |
| 31. | 2425 Lucky St., Houston, TX 77088* HCAD# 01626900700007 | $68,000 | $5,000 | $5,000 |

\* Property subject to secured claim

3

8/25/2010

Exhibit 1

*In re Amidee Capital Group, et. al.*, Case No. 10-20041

| No. | Description of Property | Minimum Opening Bid | Minimum Overbid | Qualified Bid Deposit |
|---|---|---|---|---|
| 32. | 2918 Clementine St., Houston, TX 77026 HCAD# 0141400000001 | $92,500 | $5,000 | $5,000 |
| 33. | 10110 Forum Park Dr., #L172, Houston, TX 77036 HCAD# 1141640130004 | $7,000 | $500 | $5,000 |
| 34. | 9505 Neuens Rd., Houston, TX 77080 HCAD# 1113080000003 | $28,000 | $3,000 | $5,000 |
| 35. | 2706 Highview Dr., Houston, TX 77039 HCAD# 0931570000217 | $68,500 | $5,000 | $5,000 |
| 36. | 10134 Palestine St., Houston, TX 77029 HCAD# 0552190020009 | $54,750 | $5,000 | $5,000 |
| 37. | 7415 Winkleman, Houston, TX 77083* HCAD# 1150300020052 | $52,500 | $5,000 | $5,000 |
| 38. | 807 Washington St., Houston, TX 77578 HCAD# 0340490950013 | $45,000 | $5,000 | $5,000 |
| 39. | 3611 Highfalls Dr., Houston TX 77068 HCAD# 1085680000007 | $90,000 | $5,000 | $5,000 |

\* Property subject to secured claim

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**NOTICE OF HEARING, AUCTION, AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR**

On July 30, 2010, the debtors in the above-captioned cases (the "<u>Debtors</u>")[1] filed a *Motion for an Order: (i) Approving Auction and Bidding Procedures and an Auction Date; (ii) Scheduling Date and Time for Sale Hearing; (iii) Approving the Form and Manner of Service of Notice of the Sale Hearing and Auction; (iv) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (v) Granting Related Relief* (the "<u>Sale Procedure Motion</u>"). Pursuant to the Sale Procedure Motion, the Debtors requested, among other things, the establishment of auction and bidding procedures to govern the sale of the Assets (defined below).

On August 8, 2010, the Debtors filed a *Motion for Order: (i) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers, Pursuant to Bankruptcy Code Sections 363 and 365; (ii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Such Sale and Determining and Adjudicating Cure Amounts With Respect to Such Contracts and Leases; (iii) waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(h); and (iv) Granting Related Relief* (the "<u>Sale Motion</u>"). Pursuant to the Sale Motion, the Debtors have requested, among other things, authorization to sell substantially all of their assets (the "<u>Assets</u>") free and clear of liens, claims, interests and encumbrances, subject to higher or better offers.

On August ____ 2010, the Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Sale Procedure Order</u>") granting the Sale Procedure Motion and approving certain bidding and auction procedures (the "<u>Bidding Procedures</u>") pursuant to which the Debtors will solicit bids and seek authority to sell (the "<u>Sale</u>") the Assets. Capitalized terms not defined herein shall have the same meaning as set forth in the Sale Procedures Motion.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedure Order.

Exhibit B

**NOTICE IS HEREBY GIVEN** that copies of the Sale Motion, the Sale Procedure Motion, and the Sale Procedure Order are on file with the Clerk of the Bankruptcy Court and may be obtained by contacting Sara Mya Keith (skeith@oakllp.com) at 1113 Vine St., Suite 201, Houston, Texas, 77002.

**NOTICE IS FURTHER HEREBY GIVEN** that the Auction contemplated by the Bidding Procedures is scheduled for September 23, 2010 at 9:00 a.m. Central Time at the offices of Sterling's counsel—Winstead PC, 1100 JP Morgan Tower, 600 Travis St., Houston, Texas 77002.

**NOTICE IS FURTHER HEREBY GIVEN** that the Bidding Procedures, including instructions for submission of Qualified Bids, governing participation in the Auction and can be obtained from Sara Mya Keith (skeith@oakllp.com) at 1113 Vine St., Suite 201, Houston, Texas, 77002.

**NOTICE IS FURTHER HEREBY GIVEN** that the hearing (the "Sale Hearing") to consider approval of the Sale Motion and the Sale of the Assets to the bidder submitting the highest and best offer at the Auction shall be held on October 4, 2010 at 2 p.m. Central Time at Room 208, 1133 North Shoreline Blvd., Corpus Christi, Texas 7840.  Objections to the Sale Motion shall be in writing, shall conform to the Bankruptcy Rules, the Local Rules, and the orders of this Bankruptcy Court, and shall set forth: (i) the nature of the objector's claims against or interests in the Debtors' estates; (ii) the basis for the objection; (iii) the specific grounds therefore; and (iv) all evidence in support of said objection.  Objections shall be filed and served so as to be received on or before September 27, 2010 by (i) counsel for the Debtors; (ii) the United States Trustee; (iii) counsel for Sterling and Lone Star; and (iv) all parties requesting service of notice and other motions and pleadings in these chapter 11 proceedings.  Any person that does not comply with this paragraph shall not be heard at the Sale Hearing.

**NOTICE IS FURTHER HEREBY GIVEN** that any inquiries regarding information contained in this Notice should be directed to Sara Mya Keith (skeith@oakllp.com) at 1113 Vine St., Suite 201, Houston, Texas, 77002.

**OKIN ADAMS & KILMER LLP**

By:      /s/ *Sara Mya Keith*
  Matthew S. Okin (TB# 00784695)
  mokin@oakllp.com
  Sara Mya Keith (TB# 24062938)
  skeith@oakllp.com
  1113 Vine St. Suite 201
  Houston, TX  77002
  Tel:  (713) 228-4100
  Fax:  (888) 865-2118

**ATTORNEYS FOR THE DEBTORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (II) REQUIREMENT TO PROVIDE INFORMATION AS TO CURE AMOUNTS; AND (III) PROCESS FOR DETERMINING CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Pursuant to the *Order (i) Approving Auction and Bidding Procedures and an Auction Date; (ii) Scheduling Date and Time for Sale Hearing; (iii) Approving the Form and Manner of Service of Notice of Sale Hearing and Auction; (iv) Approving the Form and Manner of Service of Notice of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (v) Granting Related Relief* (the "Bidding Procedure Order"),[1] the Debtors in the above-captioned cases (the "Debtors") hereby provide notice that the executory contracts and or unexpired leases listed on **Exhibit 1** hereto may be assumed by the Debtors and/or assigned, pursuant to § 365 of the Bankruptcy Code, to the person(s) submitting the highest and best offer(s) for the Assets (an "Assignee") or any portion thereof pursuant to the bidding procedures approved under the Bidding Procedure Order.

Opposite the name of each non-Debtor party to an executory contract or unexpired lease listed on **Exhibit 1** is the dollar amount (the "Cure Amount") that the Debtors believe is necessary as of August 24, 2010 to cure any defaults under any such contract or lease to which such non-Debtor is a party.

If you object to: (i) the Cure Amount listed for a given executory contract or unexpired lease on **Exhibit 1**; or (ii) to the assumption and/or assignment of a given unexpired lease or executory contract to any Assignee, then on or before September 27, 2010 (the "Objection Deadline"), you or your attorney must file a written objection (the "Objection") with the Bankruptcy Court which explains your position. If you mail your Objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the Objection Deadline.

You must also mail a copy of the Objection to: (i) the Debtors; (ii) the United States Trustee; (iii) counsel for Sterling and Lone Star; and (iv) all parties requesting service of notice and other motions and pleadings in these chapter 11 proceedings.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedure Order.

Exhibit C

     The Objection must: (i) state with specificity why you object to the Cure Amount, list what cure amount you believe is required, and provide sufficient documentation to support the cure amount you assert; and (ii) in the event you object to the assumption and/or assignment of a given executory contract or unexpired lease, list the reasons for such objection.  If no Objection is timely filed with respect to a given Cure Amount, the Cure Amount set forth herein for such executory contract or unexpired lease shall be binding upon the non-Debtor party to such executory contract or unexpired lease.  All non-Debtor parties that timely file an Objection are required to appear at the Sale Hearing, which is scheduled to take place on October 4, 2010 at 2:00 P.M. Central Time in the courtroom of the Honorable Richard S. Schmidt, Room 208, 1133 North Shoreline Blvd., Corpus Christi, Texas 78401.

                                                   **OKIN ADAMS & KILMER LLP**

                                         By:      /s/ *Sara Mya Keith*
                                                      Matthew S. Okin (TB# 00784695)
                                                      mokin@oakllp.com
                                                     Sara Mya Keith (TB# 24062938)
                                                     skeith@oakllp.com
                                                     1113 Vine St. Suite 201
                                                     Houston, TX  77002
                                                     Tel:  (713) 228-4100
                                                     Fax:  (888) 865-2118

                                             **ATTORNEYS FOR THE DEBTORS**

Exhibit C