

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/04/2010

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 10-20041 |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § § | CHAPTER 11 |
| DEBTORS. | § | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, SUBJECT TO HIGHER OR BETTER OFFERS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE AND DETERMINING AND ADJUDICATING CURE AMOUNTS WITH RESPECT TO SUCH CONTRACTS AND LEASES; (III) WAIVING THE FOURTEEN-DAY STAY PERIOD PROVIDED BY BANKRUPTCY RULE 6004(H) AND 6006(D); AND (IV) GRANTING RELATED RELIEF**
[PALA BLANCO & LEY ROAD]

This matter having come before the Court on the *Motion for an Order: (i) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers; (ii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Such Sale and Determining and Adjudicating Cure Amounts With Respect to Such Contracts and Leases; (iii) Waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(h) and 6006(d); and (iv) Granting Related Relief* (the "Sale Motion") [Docket No. 280], filed by the debtors in the above-captioned cases (the "Debtors"), seeking the entry of an order: (i) authorizing the sale of substantially all of the Debtors' assets, free and clear of liens, claims, encumbrances, subject to higher or better offers; (ii) approving the assumption and assignment of certain executory contracts and unexpired leases in connection with such sale and determining and adjudicating cure amounts with respect to such contracts and leases; (iii) waiving the fourteen-day stay period provided by Bankruptcy Rule 6004(h) and 6006(d); and (iv) granting related relief. Unless otherwise defined

1

herein, capitalized terms in this order (the "Sale Order") shall be given the same meaning accorded to such terms in the Sale Motion. The Court has considered the entire record in these proceedings to date and the arguments presented by counsel for the various parties reflected in the record at the hearing held on October 4, 2010. At the request of the parties in interest, the Court has agreed to enter separate orders with regard to each piece of real property to be sold by the Debtors. This Sale Order relates to the Debtors' proposed sale of the real property and related assets known as Pala Blanco & Ley Road, more specifically described on the attached **Exhibit A** (the "Assets"). The details of the proposed sale (the "Sale") are more fully set forth in the Asset Purchase Agreement relating to these Assets (the "APA"), an executed copy of which was presented to the Court as an exhibit at the Sale Hearing.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

A. Findings of Fact. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.

B. Jurisdiction and Venue. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (N).

C. Statutory Predicates. The statutory predicates for the relief sought herein include: (i) §§ 105(a), 363, and 365, of chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"); and (ii) Rules 2002, 4001(d), 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D. <u>Final Order</u>. This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(H) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs entry of judgment as set forth herein and waiver of any automatic stay period.

E. <u>Notice</u>. Proper notice has been given to all necessary parties with respect to the Sale Motion and all matters addressed in this Sale Order.

F. <u>Opportunity to Object</u>. A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to all creditors, government units, interested persons and entities, including without limitation, the following: (i) the office of the United States Trustee; (ii) counsel for all of the Debtors, (iii) counsel for the secured lenders; (iv) applicable federal, state and local regulatory or taxing authorities, and (v) all parties on the current limited service list.

G. <u>Marketing Efforts</u>. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Order: (I) Approving Auction and Bidding Procedures and Auction Date; (II) Scheduling Date and Time for Sale Hearing; (III) Approving Form and Manner of Notice of Auction and Sale Hearing; (IV) Approving Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (V) Granting Related

Relief [Doc. No. 297] (the "Procedures Order"), the Debtors afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders, participate in the Auction and submit their highest or otherwise best offer to purchase all or substantially all of the Property.

H. Compliance with Procedures Order. The Debtors and their professionals have complied in all material respects with the Procedures Order.

I. Successful Bidder. At the conclusion of the Auction, the Debtors announced that they had determined that the offer submitted by MaryField, Ltd. at the Auction was the highest and best offer for the Assets submitted at the Auction in compliance with procedures set forth in the Procedures Order and it therefore was the "Successful Bidder" for the Assets in accordance with the Procedures Order. Further, the Debtors announced that they had determined that the offer submitted by Sterling Bank at the Auction was the next highest offer for the Assets and that the Sterling Bank was the "Reserve Bidder" for the Assets in accordance with the Procedures Order.

J. Purchaser. As used in this Sale Order, the term "Purchaser" shall refer to the Successful Bidder. If the Successful Bidder fails or refuses to close on the Sale pursuant to the terms of this Sale Order and the APA within 20 days of the entry of this Sale Order without the Debtors' prior agreement to extend such deadline, the Debtors shall notify the Successful Bidder that its rights under this Sale Order and the APA have terminated and any deposits are forfeited. Further, Debtors shall contemporaneously notify the Reserve Bidder that the Successful Bidder's purchase contract has been terminated. Upon the Reserve Bidder's receipt of such notice, the Reserve Bidder shall become the Purchaser and thus all rights and obligations conferred upon the Purchaser in this Sale Order shall belong to the Reserve Bidder. The Reserve Bidder shall have 20 days from receipt of notice of it becoming the Purchaser to close on the Sale, unless such time period shall be extended by the Debtors. If the Reserve Bidder fails or refuses to close on the Sale

pursuant to the terms of this Sale Order and the purchase contract within 20 days notice as provided herein without the Debtors' prior agreement to extend such deadline, the Debtors shall notify the Reserve Bidder that its rights under this Sale Order and the purchase contract have terminated and any deposits are forfeited.

K. <u>Sale is in the Best Interests of the Debtors' Estates and Creditors</u>. Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

L. <u>Business Justification</u>. The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under § 363(b) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the Sale of the Assets to the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates. The Sale does not constitute a *sub rosa* or *de facto* plan of reorganization or liquidation, as the Sale does not and will not: (a) impair or restructure existing debt of, or equity interests in, the Debtors; (b) impair or circumvent chapter 11 plan safeguards, such as those set forth in §§ 1125 and 1129 of the Bankruptcy Code; or (c) classify claims or equity interests, compromise controversies or extend debt maturities.

M. <u>Free and Clear</u>. The Debtors are the sole and lawful owners of the Assets. The transfer of the Assets to the Purchaser will be a legal, valid, and effective transfer of the Assets and will vest the Purchaser with all right, title and interest of the Debtors in the Assets free and clear of all liens (as defined in § 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in § 101(5) of the Bankruptcy Code),

Encumbrances,[1] or other interests of any kind or nature whatsoever, other than Assumed Contracts (defined below), whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto any time prior to the closing date (collectively, the "Interests").

N. <u>Satisfaction of § 363(f) Standards</u>. The Debtors may sell and transfer, and Purchaser may purchase, the Assets free and clear of any Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

O. <u>Good Faith</u>. The Debtors and the Purchaser, including their agents and representatives, negotiated the APA in good faith, without collusion, and at arms' length within the meaning of Bankruptcy Code §363(m). The Purchaser is a good faith purchaser under Bankruptcy Code §363(m) and will be acting in good faith in closing the Sale and is entitled to the protection of Bankruptcy Code §363(m).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. <u>Motion is Granted</u>. The relief requested in the Sale Motion is **GRANTED** as set forth herein. The Debtors are authorized to take any and all actions necessary to implement this Sale Order.

2. <u>Objections Overruled</u>. Any and all objections to the Sale Motion are overruled on the merits and denied with prejudice. To the extent that any objection was not withdrawn, waived

---

[1] Any term not defined herein shall have the same meaning as in the Sale Motion.

or settled, such objection, and all reservations of rights or relief requested, is hereby overruled on the merits and denied with prejudice.

3. <u>Free and Clear</u>. Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtors shall transfer, and the Purchaser shall take fee simple title to and possession of the Assets free and clear of any and all Interests, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interest now have against the Assets or their proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

4. <u>Release of Liens</u>. This Sale Order is and shall be effective as a determination that all Interests, shall be, and hereby are, released with respect to the Debtors' interest in the Assets as of the closing of the Sale. On the closing date of the Sale, each of the Debtors' creditors, and any party in interest, is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Assets, if any, as such Interests may have been recorded or may otherwise exist. If any person or entity that has filed liens, financing statements, mortgages, mechanics' liens, *lis pendens*, leases or other documents or agreements evidencing Interests in the Assets shall not have delivered to the Debtors prior to closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, unconditional releases of all Interests that the person or entity has with respect to the Assets, or otherwise (except as provided in this Order with respect to the proceeds of the Sale), Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf and in the name of the person or entity with respect to the Assets. In the alternative, Purchaser may file, register or record a certified copy of this Sale Order in any

place where such instruments would or could be filed, and such filing shall constitute conclusive evidence of the release of Interests in the Property as of the closing of the Sale.

5. <u>Application of Sale Proceeds</u>. Upon the closing of the Sale, the Debtors are hereby authorized and directed to apply the Sale proceeds to pay the following: (i) all pre- and post-petition property taxes that attach to the Assets as pro rated through the date of closing of the sale; (ii) all closing costs; and (iii) the Situs Commission applicable to these Assets. Upon payment of the above amounts, all remaining Sale proceeds shall be indefeasibly paid to Sterling Bank to be applied to the amounts due to Sterling Bank pursuant to the Sterling Loan Documents.

6. <u>Assumption and Assignment of the Contracts</u>. Pursuant to §§ 105(a), 363(b), 363(f), 365(a), 365(b) and 365(f) of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign to the Purchaser of the Assets at the closing of the Sale, any or all of the Contracts related to the Assets that the Purchaser has indicated they wish to assume. The assignment and transfer by the Debtors to the Purchaser of the Contracts upon closing of any Sale constitutes assignment and transfer to the Purchaser of all of the Debtors' right, title and interest (including common law rights) to all of their intangible property included in the Contracts. Contracts assumed and assigned to the Purchaser shall be "<u>Assumed Contracts</u>." Upon assignment to the Purchaser, the Assumed Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, notwithstanding any provision that purports to prohibit assignment or condition assignment on approval by any counterparty to an Assumed Contracts, or to give any counterparty to an Assumed Contracts a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or Purchaser's interests or rights in any of the Assets or Contracts, and pursuant to § 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any post-closing liability of any kind.

7.      <u>Cure Amounts</u>.  The Cure Amounts for the contracts relating to the Assets (those identified under Palo Blanco & Ley Road) set forth on Exhibit A to the Cure Notice [Doc. No. 303] are the true and correct cure amounts (except as otherwise provided in this Sale Order or as represented on the record at the Sale Hearing) and are hereby authorized and directed to be paid in respect of any Assumed Contract under §§ 363(b) and 365 of the Bankruptcy Code.  All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to closing of the Sale of the Assets shall be deemed cured upon payment of the Cure Amounts set forth on Exhibit A to the Cure Notice at the closing or as soon as practicable thereafter.  The Cure Amounts set forth on Exhibit A to the Cure Notice shall be final and binding on all counterparties to the Assumed Contracts, and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of whether such assumed executory contract or unexpired lease contains an audit clause.  The Purchaser shall assume all obligations of the Debtors under any Assumed Contracts first arising from and after the closing of the Sale of the Assets and shall not assume or bear responsibility for any obligation under any Assumed Contracts accruing thereunder prior to the closing except to the extent such obligation constitutes a liability expressly assumed in the APA.  Upon assumption and assignment of any Contract, the Debtors and their estates shall be relieved of any liability for breach of such Assumed Contract whether occurring before or after such assumption and assignment in accordance with § 365(k) of the Bankruptcy Code.

8.      <u>Assumption of Contract is Approved</u>.  Any provision in any Assumed Contract that prohibits or conditions the assignment of such Contract or allows the party to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Contract, constitutes unenforceable anti-assignment

provisions that are void and of no force and effect. All other requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assumed Contracts have been satisfied.

9. <u>Modifications</u>. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or Sterling Bank.

10. <u>This Order Controls</u>. To the extent that any provision of this Sale Order is inconsistent with the terms of the APA, this Sale Order shall govern.

11. <u>Order Effective Immediately</u>. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d) or any other similar provision, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

12. <u>Jurisdiction</u>. The Court shall retain jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Order.

Dated: 10/4/10

THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A
## ASSETS

The Assets sold to Purchaser are commonly known as:

Pala Blanco & Ley Road
Houston, TX 77078
(more fully described on next page)

The Personal Property also transferred as listed on the Owner's schedules, if any is:

None.

STATE OF TEXAS          §

COUNTY OF HARRIS        §

A METES AND BOUNDS description of a 35.73 acre tract of land as situated in the J.L. Stanley Survey, Abstract No. 700, Harris County, Texas, being out of and a part of a called 23.05 acre tract as conveyed to Amidee Capital Group, LLC, by Deed under Re-sale Pursuant to Tax Code §34.05 dated November 7, 2006 and filed for record under Clerk's File No. 20060284978 of the Harris County Official Public Records of Real Property and being out of and a part of a called 27.8 acres as conveyed to Amidee Capital Group, LLC, by Deed under Re-sale Pursuant to Tax Code §34.05 dated August 1, 2006 and filed for record under Clerk's File No. 20060061911 of the Harris County Official Public Records of Real Property; said 35.73 acres being more particularly described as follows, with all bearings based on the Texas Coordinate System, South Central Zone 4204, (NAD 1983)

COMMENCING at a 1-inch iron pipe found in the north right-of-way of Ley Road (called 80-feet wide) for the southeast corner of a called 3.3883 acre tract as conveyed to Techni-Kote, INC. by Warranty Deed with Vendor's Lien dated February 9, 1979 and filed for record under Clerk's File No. F974433 of the Harris County Official Public Records of Real Property and the southwest corner of said 23.05 acre tract;

THENCE, North 87°26'57" East, 50.00 feet along the north right-of-way of said Ley Road and the south line of said 23.05 acre tract to a 5/8-inch iron rod set (with cap stamped "Cotton Surveying") for the southwest corner and POINT OF BEGINNING of the herein described tract;

THENCE, North 02°26'11" West, passing at 775.77 feet, the north line of said 23.05 acre tract and the south line of said 27.8 acre tract, continuing for a total distance of 1160.15 feet to a 5/8-inch iron rod set (with cap stamped "Cotton Surveying") in the south right-of-way of Palo Blanco Road (called 30-feet wide, unimproved) as shown on the map of Green River Gardens Subdivision as filed for record under Volume 11, Page 85 of the Harris County Map Records for the northwest corner of the herein described tract;

THENCE, North 88°06'06" East, 1578.48 feet along the south right-of-way of said Palo Blanco Road and the north line of said 27.8 acres to a 1/2-inch iron rod found for the northeast corner of the herein described tract and an interior corner of said Green River Gardens Subdivision;

THENCE, South 01°17'09" East, along the east line of said 27.8 acres, passing a 5/8-inch iron rod (with cap stamped "RPLS 3686") at 29.94 feet, 0.80 feet left, for the northwest corner of a called 1.7447 acre tract as conveyed to Marvin Hughes by Warranty Deed with Vendor's Lien dated January 29, 1998 and filed for record under Clerk's File No. L526829 of the Harris County Official Public Records of Real Property continuing for a total distance of 383.64 feet to a 1-inch iron pipe found in the north line of a called 4.2346 acre tract as conveyed to Hernan Najus by Administrators Deed with Third Party Vendor's Lien dated November 16, 2006 and filed for record under Clerk's File No. 20060223306 of the Harris County Official Public Records of Real Property;

THENCE, South 87°28'30" West, 281.24 feet along the north line of said 4.2346 acre tract to a 5/8-inch iron rod found for the northwest corner of same and the northeast corner of said 23.05 acres;

THENCE, South 01°53'15" East, along the west line of said 4.2346 acre tract, at 591.17 feet passing a 5/8-inch iron rod found, continuing for a total distance of 641.23 feet to a 5/8-inch iron rod found in the north right-of-way of said Ley Road for the southwest corner of said 4.2346 acre tract and the southeast corner of the herein described tract, on the arc of a curve to the right;

THENCE, in a southwesterly direction, along the north right-of-way of said Ley Road with the arc of said curve to the right, having a radius of 1869.86 feet, a central angle of 22°11'10", an arc length of 724.05 feet, and a chord bearing South 76°25'41" West, 719.53 feet to a 5/8-inch iron rod found;

THENCE, South 87°26'57" West, 577.79 feet continuing along the north right-of-way of said Ley Road to the POINT OF BEGINNING, CONTAINING 35.73 acres of land in Harris County, Texas as shown on drawing no. 1003-A in the office of Cotton Surveying Company, The Woodlands, Texas