

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/19/2010

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, SUBJECT TO HIGHER OR BETTER OFFERS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE AND DETERMINING AND ADJUDICATING CURE AMOUNTS WITH RESPECT TO SUCH CONTRACTS AND LEASES; (III) WAIVING THE FOURTEEN-DAY STAY PERIOD PROVIDED BY BANKRUPTCY RULE 6004(H) AND 6006(D); AND (IV) GRANTING RELATED RELIEF**
[OAK POINTE APARTMENTS]

This matter having come before the Court on the *Motion for an Order: (i) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers; (ii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Such Sale and Determining and Adjudicating Cure Amounts With Respect to Such Contracts and Leases; (iii) Waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(h) and 6006(d); and (iv) Granting Related Relief* (the "Sale Motion") [Docket No. 280], filed by the debtors in the above-captioned cases (the "Debtors"), seeking the entry of an order: (i) authorizing the sale of substantially all of the Debtors' assets, free and clear of liens, claims, encumbrances, subject to higher or better offers; (ii) approving the assumption and assignment of certain executory contracts and unexpired leases in connection with such sale and determining and adjudicating cure amounts with respect to such contracts and leases; (iii) waiving the fourteen-day stay period provided by Bankruptcy Rule 6004(h) and 6006(d); and (iv) granting related relief.  Unless otherwise defined herein, capitalized terms in this order (the "Sale Order") shall be given the same meaning accorded

1

to such terms in the Sale Motion.  The Court has considered the entire record in these proceedings to date and the arguments presented by counsel for the various parties reflected in the record at the hearing held on October 4, 2010.  At the request of the parties in interest, the Court has agreed to enter separate orders with regard to each piece of real property to be sold by the Debtors.  This Sale Order relates to the Debtors' proposed sale of the real property (the "<u>Sale</u>") and related assets known as the Oak Pointe Apartments, more specifically described on the attached **Exhibit A** (the "<u>Assets</u>").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the foregoing, and after due deliberation and good sufficient factual and legal cause appearing therefore, the Court finds and concludes as follows:

A. <u>Findings of Fact</u>.  The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.

B. <u>Jurisdiction and Venue</u>.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (N).

C. <u>Statutory Predicates</u>.  The statutory predicates for the relief sought herein include: (i) §§ 105(a), 363, and 365, of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and (ii) Rules 2002, 4001(d), 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

D. <u>Final Order</u>.  This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(H) and 6006(d), and to any extent

necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs entry of judgment as set forth herein and waiver of any automatic stay period.

E. <u>Notice</u>.  Proper notice has been given to all necessary parties with respect to the Sale Motion and all matters addressed in this Sale Order.

F. <u>Opportunity to Object</u>.  A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to all creditors, government units, interested persons and entities, including without limitation, the following:  (i) the office of the United States Trustee; (ii) counsel for all of the Debtors, (iii) counsel for the secured lenders; (iv) applicable federal, state and local regulatory or taxing authorities, and (v) all parties on the current limited service list.

G. <u>Marketing Efforts</u>.  As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Order: (I) Approving Auction and Bidding Procedures and Auction Date; (II) Scheduling Date and Time for Sale Hearing; (III) Approving Form and Manner of Notice of Auction and Sale Hearing; (IV) Approving Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (V) Granting Related Relief [Doc. No. 297] (the "<u>Procedures Order</u>"), the Debtors afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders, participate in the Auction and submit their highest or otherwise best offer to purchase all or substantially all of the Property.

H. <u>Compliance with Procedures Order</u>.  The Debtors and their professionals have complied in all material respects with the Procedures Order.

I. <u>Successful Bidder</u>.  At the conclusion of the Auction, the Debtors announced that they had determined that the offer of $1,990,000 (the "<u>Purchase Price</u>") submitted by Sterling Bank at the Auction was the highest and best offer for the Assets submitted at the Auction in compliance with procedures set forth in the Procedures Order and it therefore was the "<u>Successful Bidder</u>" for the Assets in accordance with the Procedures Order.  Further, the Debtors announced that they had no other offers submitted so there is no "<u>Reserve Bidder</u>" for the Assets in accordance with the Procedures Order.

J. <u>Purchaser</u>.  As used in this Sale Order, the term "<u>Purchaser</u>" shall refer to the Successful Bidder.  If the Successful Bidder fails or refuses to close on the Sale pursuant to the terms of this Sale Order within 20 days of the entry of this Sale Order without the Debtors' prior agreement to extend such deadline, the Debtors shall notify the Successful Bidder that its rights under this Sale Order have terminated.

K. <u>Sale is in the Best Interests of the Debtors' Estates and Creditors</u>.  Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

L. <u>Business Justification</u>.  The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under § 363(b) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the Sale of the Assets to the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates.  The Sale does not constitute a *sub*

4

*rosa* or *de facto* plan of reorganization or liquidation, as the Sale does not and will not: (a) impair or restructure existing debt of, or equity interests in, the Debtors; (b) impair or circumvent chapter 11 plan safeguards, such as those set forth in §§ 1125 and 1129 of the Bankruptcy Code; or (c) classify claims or equity interests, compromise controversies or extend debt maturities.

M. Free and Clear.  The Debtors are the sole and lawful owners of the Assets.  The transfer of the Assets to the Purchaser will be a legal, valid, and effective transfer of the Assets and will vest the Purchaser with all right, title and interest of the Debtors in the Assets free and clear of all liens (as defined in § 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in § 101(5) of the Bankruptcy Code), Encumbrances,[1] or other interests of any kind or nature whatsoever, other than Assumed Contracts (defined below), whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto any time prior to the closing date except for senior *ad valorem* property tax liens (the "Tax Liens") (collectively, the "Interests").

N. Satisfaction of § 363(f) Standards.  The Debtors may sell and transfer, and Purchaser may purchase, the Assets free and clear of any Interests of any kind or nature whatsoever, except for the Tax Liens, because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

O. Good Faith.  The Debtors and the Purchaser, including their agents and representatives, participated in the Auction for the purchase of the Assets in good faith, without collusion, and at arms' length within the meaning of Bankruptcy Code §363(m).  The Purchaser is

---

[1] Any term not defined herein shall have the same meaning as in the Sale Motion.

a good faith purchaser under Bankruptcy Code §363(m) and will be acting in good faith in closing the Sale and is entitled to the protection of Bankruptcy Code §363(m).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1. <u>Motion is Granted</u>.  The relief requested in the Sale Motion is **GRANTED** as set forth herein.  The Debtors are authorized to take any and all actions necessary to implement this Sale Order.

2. <u>Objections Overruled</u>.  Any and all objections to the Sale Motion are overruled on the merits and denied with prejudice.  To the extent that any objection was not withdrawn, waived or settled, such objection, and all reservations of rights or relief requested, is hereby overruled on the merits and denied with prejudice.

3. <u>Free and Clear</u>.  Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtors shall transfer, and the Purchaser shall take fee simple title to and possession of the Assets free and clear of any and all Interests, except for the Tax Liens.

4. <u>Release of Liens</u>.  This Sale Order is and shall be effective as a determination that all Interests except for the Tax Liens (the "<u>Released Interests</u>"), shall be, and hereby are, released with respect to the Debtors' interest in the Assets as of the closing of the Sale.  On the closing date of the Sale, each of the Debtors' creditors, and any party in interest, is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Released Interests in the Assets, if any, as such Released Interests may have been recorded or may otherwise exist.  If any person or entity that has filed liens, financing statements, mortgages, mechanics' liens, *lis pendens*, leases or other documents or agreements evidencing Released Interests in the Assets shall not have delivered to the Debtors prior to closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of

satisfaction, unconditional releases of all Released Interests that the person or entity has with respect to the Assets, or otherwise (except as provided in this Order with respect to the credit from the Sale), Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf and in the name of the person or entity with respect to the Assets. In the alternative, Purchaser may file, register or record a certified copy of this Sale Order in any place where such instruments would or could be filed, and such filing shall constitute conclusive evidence of the release of Interests in the Property as of the closing of the Sale.

5. <u>Payment and Application of Purchase Price</u>. The Purchase Price shall be paid by the Purchaser through a combination of cash and credits against the debts owing under the Sterling Oak Pointe Loan Documents up to a total purchase price of $1,990,000, in the following order of priority: (i) all costs of closing the Sale, which do not include any real estate commissions for the Debtors' brokers which were not earned on this Sale or fees and expenses incurred by the Debtors' attorney and professionals with regard to the Sale; (ii) all pre- and post-petition *ad valorem* property taxes that attach to the Assets as pro rated through the date of closing of the sale; and (iii) the balance of the purchase price to be paid by credit against the amounts due to Sterling Bank pursuant to the Sterling Oak Pointe Loan Documents. At or prior to the closing of the Sale, Purchaser shall provide the Debtors with a statement showing the proposed application of the Purchase Price to the above categories and shall obtain the Debtors' signed agreement as to the proposed application prior to the transfer of title to the Assets.

6. <u>Assumption and Assignment of the Contracts</u>. Pursuant to §§ 105(a), 363(b), 363(f), 365(a), 365(b) and 365(f) of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign to the Purchaser of the Assets at the closing of the Sale, any or all of the Contracts related to the Assets that the Purchaser has indicated it elects to assume. The assignment

and transfer by the Debtors to the Purchaser of the Contracts upon closing of any Sale constitutes assignment and transfer to the Purchaser of all of the Debtors' right, title and interest (including common law rights) to all of their intangible property included in the Contracts.  Contracts assumed and assigned to the Purchaser shall be "Assumed Contracts."  Upon assignment to the Purchaser, the Assumed Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, notwithstanding any provision that purports to prohibit assignment or condition assignment on approval by any counterparty to the Assumed Contracts, or to give any counterparty to the Assumed Contracts a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or Purchaser's interests or rights in any of the Assets or Contracts, and pursuant to § 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any post-closing liability of any kind.

7.      Cure Amounts.  The Cure Amounts for the contracts relating to the Assets (those identified under the Oak Pointe Apartments) set forth on Exhibit A to the Cure Notice [Doc. No. 303] are the true and correct cure amounts (except as otherwise provided in this Sale Order or as represented on the record at the Sale Hearing) and are hereby authorized and directed to be paid in respect of any Assumed Contracts under §§ 363(b) and 365 of the Bankruptcy Code.  All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to closing of the Sale of the Assets shall be deemed cured upon payment of the Cure Amounts set forth on Exhibit A to the Cure Notice at the closing or as soon as practicable thereafter.  The Cure Amounts set forth on Exhibit A to the Cure Notice shall be final and binding on all counterparties to the Assumed Contracts, and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of whether such assumed executory contract or unexpired lease contains an audit clause.  The Purchaser shall assume all obligations of

the Debtors under any Assumed Contracts first arising from and after the closing of the Sale of the Assets and shall not assume or bear responsibility for any obligation under the Assumed Contracts accruing thereunder prior to the closing.  Upon assumption and assignment of any Contract, the Debtors and their estates shall be relieved of any liability for breach of such Assumed Contracts whether occurring before or after such assumption and assignment in accordance with § 365(k) of the Bankruptcy Code.

8. Assumption of Contract is Approved.  Any provisions in the Assumed Contracts that prohibits or conditions the assignment of such Contract or allows the party to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Contract, constitutes unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assumed Contracts have been satisfied.

9. Modifications.  The terms of the Sale and any related agreements, documents or instruments may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or Sterling Bank.

10. <u>This Order Controls</u>. To the extent that any provision of this Sale Order is inconsistent with the terms of any purchase documents executed by the Debtor and Purchaser prior to closing the Sale, this Sale Order shall govern.

11. <u>Order Effective Immediately</u>. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d) or any other similar provision, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

12. <u>Jurisdiction</u>. The Court shall retain jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Order.

Dated: October 19, 2010 .

_____
THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**
**ASSETS**

The Assets sold to Purchaser are commonly known as:

Oak Pointe Apartments
1111 Burke
Pasadena, Texas 77056

Legal Description:

All that certain 3.7832 acres out of Lot 14, SATSUMA GARDENS, according to the plat thereof recorded in Volume 2, Page 40, of the Map Records of Harris County, Texas, and being more particularly described by metes and bounds in Exhibit "A" attached hereto and made a part hereof.

The Personal Property also transferred as listed on the Owner's schedules, if any is:

2 Desks
2 Office Chairs
1- 2 Drawer File Cabinet
1- 4 Drawer file Cabinet
1- Glass/Iron table w/4 Chairs
1- Dell Printer
1- Deli flat Screen Monitor
1- Sink Sewer Machine
1- Blue A/C Recovery System
1-Small Wet Vac Machine
1- Small Fogger Machine
1-AlC Recovery Bottle
3- Picture Frames
1- Fake Tree
1- Brother Fax Machine
1- cannon calculator
1- Deli Computer
1- Scooter Shampoo Machine
1- Red Dolly
1- Nitrogen Bottle
1- Paint Rig
3- Shovels
1-Scanner

EXHIBIT "A"

All that certain 3.7832 acres out of Lot 14, SATSUMA GARDENS, according to the plat thereof filed at Volume 02, Page 40, Harris County Map Records, also being in the James Seymour Survey, A-698, and being more particularly described by metes and bounds as follows:

COMMENCING at a found 3/4" iron pipe marking the Northwest corner of said Lot 14, Satsuma Gardens; Thence South 00 deg. 00 min. 19 sec. West, 483.77 feet along the East right-of-way line of Burke Road (60' wide) to a found 5/8" iron rod marking the POINT OF BEGINNING of herein described tract;

THENCE South 00 deg. 00 min. 19 sec. West - 300.00 feet continuing along said East right-of-way line of Burke Road to a found 5/8" iron rod for corner;

THENCE South 89 deg. 49 min. 45 sec. East - 549.23 feet along the south line of that certain Substitute Trustee Deed dated January 5, 1988 from Steven Neal Martin, Trustee to Midwest Federal Savings and Loan filed in the Official Public Records of Real Property of Harris County, Texas, at Clerk's File No. L-490917, Film Code No. 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 to a found 1/2" iron rod for corner marking the Southwest corner of Lot 149, Satsuma Place, Section 4, according to the plat thereof recorded in Volume 27, Page 49 Harris County Map Records;

THENCE North 00 deg. 02 min. 22 sec. East - 300.00 feet along the West line of said Satsuma Place, Section 4, to a set 5/8" iron rod for corner;

THENCE North 89 deg. 49 min. 45 sec. West - 549.41 feet along the south line of that certain deed dated May 10, 1937, from A. L. Dickerson, *et ux* to J. C. Burke, *et ux* filed in Volume 1048, Page 489 Harris County Deed Records to the POINT OF BEGINNING and containing 3.7832 acres (164,795 square feet) of land, more or less.

ER 006 - 61 - 1092