IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-20041 |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | (Jointly Administered) |

**COINMACH CORPORATION'S MOTION TO RECONSIDER ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, INTEREST, AND ENCUMBRANCES, SUBJECT TO HIGHER OR BETTER OFFERS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE AND DETERMINING AND ADJUDICATING CURE AMOUNTS WITH RESPECT TO SUCH CONTRACTS AND LEASES; (III) WAIVING THE FOURTEEN-DAY STAY PERIOD PROVIDED BY BANKRTUPCY RULE 6004(H) AND 6006(D); AND (IV) GRANTING RELATED RELIEF RELATED TO THE OAK POINTE APARTMENTS, COASTAL BREEZE APARTMENTS, PARK PLACE APARTMENTS, AND THE FINDLAY APARTMENTS**
[This instrument relates to Docket No. 353, 351, 352, and 354 ]

**TO THE HONORABLE RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE**:

COMES NOW, COINMACH CORPORATION ("Coinmach"), a party in interest herein, and files this its Motion to Reconsider Order (I) Authorizing the Sale of Certain Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with such Sale and Determining and Adjudicating Cure Amounts with Respect to Such Contracts and Leases; (III) Waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(h) and 6006(d); and (IV) Granting Related Relief Related to the Oak Pointe Apartments, Coastal Breeze Apartments, Park Place Apartments, and the Findlay Apartments ("Motion to Reconsider").

Coinmach's lease rights in this instance are not only important with regard to its property interest in the property being sold, but as to its adequate protection right in the claim process and potential impairment in the future confirmation process were sold free of its lease interest.

Federal and state courts in the State of Texas, have generally adhered to the principle that parties are entitled to enter into and request enforcement of contracts that are negotiated at arms length. A lease agreement is like any other contract such that it contains terms that were negotiated between two parties. Coinmach's lease agreements with the Debtor were negotiated at arms length and its' terms should continued to be upheld and enforced.

The Court in its' Memorandum Opinion issued on October 19, 2010, in making its' determination that Coinmach's lease agreements with the Debtor were licenses and not leases seemed to rely heavily on the fact that the lease contained terms that required the Debtor to clean and maintain the premises, in addition to providing and paying for the utilities. The Court seemed to determine that in light of these facts that this therefore did not convey Coinmach exclusive use and possession of the leased premises, and therefore a lease did not exist.

Coinmach would contend that these terms were negotiated with the Debtor just like the terms for the amount of rent and length of the lease term. Both Coinmach and the Debtor considered the costs of providing utilities and the costs of maintaining the laundry rooms when negotiating the lease agreements, and subsequently adjusting the rental payment that Coinmach owed to the Debtor per the lease agreement.

Furthermore, if the Court's reasoning were applied to every lease agreement, there would be numerous lease agreements both in the residential and commercial realm that would fail to be considered lease agreements due to the fact that the landlord is responsible for the utilities. Many apartment complexes advertise and provide utilities for their tenants free of cost, typically for lower income housing. This readily apparent by a simple search through "Google" by searching "all utilities paid."  Of course it can be assumed that the landlord is factoring in this cost when determining the amount of rent that that tenant should pay for the leased premises. To apply this reasoning and make this determination, the Court's ruling would essentially strip all persons

2

receiving free utilities of their rights under the law as a tenant that the legislature has vehemently over the years fought to protect and an area of the law that changes in order to protect both tenants and landlords. Additionally, in *STS Gas Services, Inc. v. Sid K. Seth a/k/a/ Sitco, LLC a/k/a Shiva Investment First, LLC*, 2008 WL 152229 (Tex. App.-Corpus Christi), the Corpus Christi Court of Appeals upheld a provision requiring the landlord to pay the tenant's utilities.

Additionally, there are numerous commercial lease agreements that require the landlord to clean and maintain the premises. Many commercial tenants negotiate with their landlords for this term in their agreement. It is not uncommon for the landlord of a building to provide a cleaning service to their commercial tenants, and often times it is a requirement of the commercial tenant. Applying the Court's reasoning that the requirement of the landlord to clean the leased premises creates a license between the commercial tenant and not a lease would again, significantly impact landlord tenant law as we know it. These landlords and/or their agents still have access to these leased premises. For example, in *Hawaii Properties Inc. v. Reyna,* 1997 WL 33760921 (Tex. App. – Corpus Christi), the Corpus Christi Court of Appeals held that a landlord that was required to provide cleaning services to a tenant pursuant to a lease agreement were not in control of the leased premises, nor had access or control over the leased area.

Again, Coinmach would also ask that the Court review the cases that are directly on point with this case that involve the leasing of laundry rooms instead of vending machines, in which the Amarillo Court of Appeals and the Waco Court of Appeals decided that these contracts are leases and not licenses, *Beutell v. United Coin Meter Co.*, 462 S.W.2d 334, 336 (Tex. App. Waco 1970, writ ref'd n.r.e.)., and *Woodmark Austin, L.P. v. Coinamatic, Inc.,* No. 07-07-00054-CV, 2007 WL 4339724 (Tex. App. - Amarillo December 11, 2007, no pet. h).

Furthermore, in the Court's memorandum opinion appears to base the ruling on the 2001 Houston Court of Appeals case *H.E.Y. Trust v. Popcorn Express Co.*, 35 S.W.3d 55 (Tex.App.-Houston [14th Dist.] 2001. This case is different from the *Popcorn* case due to the fact that the *Popcorn* case was in relation to a brokerage agreement in which Popcorn Express was granted, what the court and parties labeled as a food and beverage "concession" area inside the Houston

3

Intercontinental Airport. More importantly, in *Trading Fair Houston Inc., v. SignAd, Inc.*, 2005 WL 1691113 (Tex. App.-Hous. (14 Dist.), the Houston Court of Appeals in the later 2005 opinion distinguished the *Popcorn* case from the *SignAd* case, stating that the difference between the two cases were that the agreement in *Popcorn* was "not titled 'Lease'", did not refer to the parties as lessor and lessee, was merely a "concession agreement", and did not involve an exclusive grant of property." The *SignAd* case was in regards to a lease to erect and maintain a billboard on a parcel of land. *Id*. The facts that the Court found that evidenced the SignAd agreement was a lease and not a license included that the agreement was titled lease, the parties were referred to as lessor and lessee, it was for a term of years, and that the agreement exclusively granted SignAd use of the property. *Id.* Additionally, the Houston Court of Appeals in the *SignAd* case cites to the *Beutell v. United Coin Meter Co.*, 462 S.W.2d 334, 336 (Tex. App. Waco 1970, writ ref'd n.r.e.) case to support their holding.

Additionally, the Court in its' Memorandum Opinion also cites to the 1961 Amarillo Court of Appeals case *Hancock v. Bradshaw*, 350 S.W.2d 955 (Tex. Civ. App. – Amarillo 1961, no writ) in support of its' opinion regarding an agreement labeled "Exclusive Concession" Lease. The *Hancock* case was in relation to an agreement describing identical unsegregated co-boundaries with a Super Club, as opposed to a portion of the premises, wherein cigarette machines and juke boxes were allowed to be installed. *Id.* The disputed agreement was among multiple subleases to which the property owner was not a signator, contrary to the statute prohibiting subleasing without the consent of the owner. *Id.* Contrary to the *Hancock* case, all of Coinmach's leases are directly with the Debtor, and are not subleases.

Further, the Amarillo Court of Appeals as recent as 2007 in the *Woodmark Austin, L.P. v. Coinamatic, Inc.,* No. 07-07-00054-CV, 2007 WL 4339724 (Tex. App. - Amarillo December 11, 2007, no pet. h) case, notwithstanding *Hancock*, has held that laundry leases with the same terms and facts as the Coinmach lease agreements are leases and not licenses. Therefore, it would be improper for the Court to base its' ruling on a case from the same Court of Appeals that does not

4

deal with the same facts and is almost 50 years old, when there is case law directly on point that was decided a mere 3 years ago.

Lastly, in relation to the Park Place Apartments and Oak Pointe Apartments, both of these complexes received a lease bonus or decoration allowance at the time of signing the lease agreements. The Debtor was paid $4,000.00 for the Park Place Apartments, and $1,500.00 for the Oak Pointe Apartments at the time of signing the lease agreement. These were again terms that were negotiated between the Debtor and Coinmach in light of the other terms negotiated. Furthermore, the Court has ordered that Coinmach's cure amounts are $0.00 despite the fact that Coinmach has paid these amounts "up front" and in essence the Court is denying Coinmach even recovery of these sums for the Debtor's breach of the lease agreement. Even if the Court continues to find that Coinmach's lease agreements are a license, under basic contract principles, Coinmach should at least be entitled to recover these funds that they have expended and in which Debtor has already received and benefited from.

Coinmach also requests that the Court reconsider that portion of the Order regarding the waiver of the fourteen (14) day stay period, in order to protect Coinmach's rights under the lease agreements, and Coinmach's interests can not be adequately protected if a sale occurs.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Coinmach requests that the Court grant the relief requested in this Motion to Reconsider and Coinmach additionally requests such other relief as it may show itself to be entitled.

Respectfully submitted,
**MCCLURE DUFFEE & EITZEN LLP**
8115 Preston Road - Suite 270
Dallas, Texas 75225
Telephone: (214) 692-8200
Facsimile: (214) 692-8255

By:_____
    **LISA GREENWOOD DUFFEE**
    State Bar No. 08410100


Allan Potter
P.O. Box 3159
Corpus Christi, Tx. 78463
Telephone: (361) 288-7715
Facsimile:   (361) 288-2104

_____
    Allan Potter
    State Bar No. 16171000


ATTORNEYS FOR
COINMACH CORPORATION

**Certificate of Service**

  This is to certify that a true and correct copy of the foregoing Objection and Response has been forwarded to the following via US Mail/first class mail and/or electronic mailing, if available upon the Debtor's Attorney, the US Trustee and the largest unsecured creditors on the attached mailing matrix.

**Sara Mya Keith**
1113 Vine Street, Suite 201
Houston, Texas 77002

**Amidee Capital Group, Inc.**
PO Box 52969
Houston, TX 77052

**US Trustee**
606 N Carancahua
Corpus Christi, TX 78476

**Lone Star Bank**
c/o Ted L. Walker
402 Main St., 9th Floor
Houston, TX 77002

**Sterling Bank**
10260 Westheimer
Houston, TX 77042

**Criterion Brock**
P.O. Box 22107
Milwaukie, OR 97269

**National Guardian Life Insurance Company**
Two East Gilman Street
Madison, WI 53703
608-443-525

**Michael Wilson**
c/o Patrick L. Hughes
Haynes and Boone, LLP 1221 McKinney St., Suite 2100
Houston, TX 77010

**David Jenkins**
c/o Patrick L. Hughes
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, TX 77010


**Pasadena Independent School District**
c/o Law Office of Dexter D. Joyner
4701 Preston Ave
Pasadena, Tx 77505
281-991-6095

**Nueces County**

901 Leopard St.
Corpus Christi, TX 78401

**Armando G. Aviles**

613 Garfield Street
Mcgregor, TX 76657


**Okin Adams & Kilmer LLP**

1113 Vine St., Suite 201
Houston, TX 77002
713-228-4100

**LECG, LLC**

80 Lancaster Avenue
Devon, PA 19333

**NCN Lending LLC**

P.O. Box 411691
Kansas City, MO 64141

**Wilburn McDonald**

333 Clay Street, Suite 3300
Houston, TX 77002

**Bill J Walls**

2203 Timberloch Pl., Ste. 229
The Woodlands, Texas 77380

**Pablo Alvarez**
11715 Solano Court
Stafford, TX 77477

**Spring Independent School District**
16717 Ella Blvd.
Houston, TX 77090

**Galveston County**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
Post Ofice Box 3064
Houston, TX 77253-3064

**Harris County et al**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
PO Box 3064
Houston, Tx 77253-3064

**City of Pasadena-Water Department**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
P.O. Box 3064
Houston, TX 77253

**Situs, Inc**
4665 Southwest Freeway #200
Houston, TX 77027

**Redi-Carpet Sales Of Houston LTD**
c/o Richard J. Cinclair, Jr.
Thomas, Cinclair & Beuttenmuller
5335 Spring Valley Road
Dallas, TX 75254

**Willowood Maintenance Association**
c/o Treece Law Firm
1020 Bay Area Blvd., Suite 200 Houston, TX 77058

**M & D Flooring, LLC**
c/o Peter E. Avots
615 N. Upper Broadway #1100
Corpus Christi, TX 78401-0748

**Camelot Realty Group**
4545 Bissonnet, Suite 285
Bellaire, TX 77401

Signed this _____ day of September, 2010.

_____
Lisa Greenwood. Duffee