IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-20041 |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | (Jointly Administered) |

**COINMACH CORPORATION'S FIRST AMENDED EXPEDITED
MOTION TO STAY ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS,
FREE AND CLEAR OF LIENS, CLAIMS, INTEREST, AND ENCUMBRANCES,
SUBJECT TO HIGHER OR BETTER OFFERS; (II) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION WITH SUCH SALE AND DETERMINING AND
ADJUDICATING CURE AMOUNTS WITH RESPECT TO SUCH CONTRACTS AND
LEASES; (III) WAIVING THE FOURTEEN-DAY STAY PERIOD PROVIDED BY
BANKRTUPCY RULE 6004(H) AND 6006(D); AND (IV) GRANTING RELATED RELIEF
RELATED TO THE OAK POINTE APARTMENTS, COASTAL BREEZE
<u>APARTMENTS, AND PARK PLACE APARTMENTS</u>**
[This instrument relates to Docket No. 353, 351, and 352 ]

**TO THE HONORABLE RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE**:

COMES NOW, COINMACH CORPORATION ("Coinmach"), a party in interest herein, and files this its First Amended Expedited Motion to Stay Order (I) Authorizing the Sale of Certain Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with such Sale and Determining and Adjudicating Cure Amounts with Respect to such Contracts and Leases; (III) Waiving the Fourteen-Day Stay Period Provided by Bankruptcy Rule 6004(h) and 6006(d); and (IV) Granting Related Relief Related to the Oak Pointe Apartments, Coastal Breeze Apartments, and the Park Place Apartments ("Motion to Stay").

1

Coinmach objected to the sale of certain assets sold to be sold by Amidee by Documents 313 and 314, and subsequently the Court issued a Memorandum Opinion on Coinmach Corporations' Limited Objection to Motion for Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Such and Determining and Adjudicating Cure Amounts with Respect to Such Contracts and Leases; (III) Waiving the Fourteen-Day Stay Period Provided By Bankruptcy Rule 6004(H) and 6006(d); and (IV) Granting Related Relief signed October 19, 2010, and signed further orders authorizing the sale of Amidee's Assets in which Coinmach claimed an interest in. Specifically, the Memorandum held that Coinmach's leasehold interests are licenses (Documents 350, 351, 352, and 353). Coinmach subsequently filed a Motion for Reconsideration, in order for the Court to reconsider its' opinion as issued.

Further, the orders (Documents 351, 352, and 353) provide the "Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing" dispensing with the stay of Bankruptcy Rule 6004(h). This is a private sale or auction, not in the ordinary course of business. The proceeds, if the sales are completed before reconsideration, will probably be insufficient to adequately protect Coinmach's property interest, should the reconsideration be granted. At the hearing on October 4, 2010, it became apparent that the proceeds from the sale of these three properties (Coastal Breeze Apartments, Park Place Apartments, and Oak Pointe Apartments) would likely be insufficient to provide adequate protection of Coinmach's interests under Bankruptcy Code Sections 363 and 365 if the leases were not assumed. Furthermore, the respective estates may have insufficient assets or funds, as the estates are incurring administrative costs, to adequately protect Coinmach should

reconsideration be granted after consummation sale. The consolidated Monthly Operating Statements as filed in this cause fail to adequately disclose the ability of the individual cases to adequately protect Coinmach. The secured creditors, as purchasers by these orders, in this Chapter 11 were involved with administration matters since early 2010. Coinmach was not notified by Amidee of this bankruptcy until August 2010. Amidee has not made a sufficient showing of harm, that a short delay of the sale pending reconsidering these orders is such to authorize waiver of Bankruptcy Rule 6004(h) and Rule 9014 stay, especially considering the long involvement of the potential buyers.

Coinmach filed a Motion to Reconsider and intends to perfect an appeal in relation to the Court's Orders authorizing the sale free and clear of Coinmach's lease agreements in relation to the above referenced properties. Coinmach therefore, would request that the Court stay the sale of the properties until Coinmach's reconsideration by this court and/or intended appeal has been heard and a ruling has been made. If the Court does not stay the sale of the properties, Coinmach will be irreparably harmed because there will no longer be adequate assurance to protect Coinmach. The proceeds from the sale will not be applied to the cure amounts that Coinmach has set forth that they are entitled to, and the new property owners will not be required to assume Coinmach's lease agreements, thereby entitling the new property owner to require removal of Coinmach's equipment.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Coinmach requests that the Court grant the relief requested in this Motion to Stay so that its interest in the Lease Agreements be adequately protected pending a ruling on its Motion for Reconsideration and/or its appeal. Coinmach additionally requests such other relief as it may show itself to be entitled.

Respectfully submitted,
**MCCLURE DUFFEE & EITZEN LLP**
8115 Preston Road - Suite 270
Dallas, Texas 75215
Telephone: (214) 692-8200
Facsimile: (214) 692-8255

By:_____/s/_____
   **LISA GREENWOOD DUFFEE**
   State Bar No. 08410100

Law Office of Allan Potter
P.O. Box 3159
Corpus Christi, Texas 78463
Telephone: (361) 288-2104
Facsimile:   (361) 288-2104


_____/s/_____
   Allan L. Potter
   State Bar No. 016171000

ATTORNEYS FOR
COINMACH CORPORATION

4

**Certificate of Service**

  This is to certify that a true and correct copy of the foregoing Motion has been forwarded to the following via US Mail/first class mail and/or electronic mailing, if available upon the Debtor's Attorney, the US Trustee and the largest unsecured creditors on the attached mailing matrix.

**Sara Mya Keith**
1113 Vine Street, Suite 201
Houston, Texas 77002

**Amidee Capital Group, Inc.**
PO Box 52969
Houston, TX 77052

**US Trustee**
606 N Carancahua
Corpus Christi, TX 78476

**Lone Star Bank**
c/o Ted L. Walker
402 Main St., 9th Floor
Houston, TX 77002

**Sterling Bank**
10260 Westheimer
Houston, TX 77042

**Criterion Brock**
P.O. Box 22107
Milwaukie, OR 97269

**National Guardian Life Insurance Company**
Two East Gilman Street
Madison, WI 53703
608-443-525

**Michael Wilson**
c/o Patrick L. Hughes
Haynes and Boone, LLP 1221 McKinney St., Suite 2100
Houston, TX 77010

**David Jenkins**
c/o Patrick L. Hughes
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, TX 77010


**Pasadena Independent School District**
c/o Law Office of Dexter D. Joyner
4701 Preston Ave
Pasadena, Tx 77505
281-991-6095

**Nueces County**

901 Leopard St.
Corpus Christi, TX 78401

**Armando G. Aviles**

613 Garfield Street
Mcgregor, TX 76657


**Okin Adams & Kilmer LLP**

1113 Vine St., Suite 201
Houston, TX 77002
713-228-4100

**LECG, LLC**

80 Lancaster Avenue
Devon, PA 19333

**NCN Lending LLC**

P.O. Box 411691
Kansas City, MO 64141

**Wilburn McDonald**

333 Clay Street, Suite 3300
Houston, TX 77002

**Bill J Walls**

2203 Timberloch Pl., Ste. 229
The Woodlands, Texas 77380

**Pablo Alvarez**
11715 Solano Court
Stafford, TX 77477

**Spring Independent School District**
16717 Ella Blvd.
Houston, TX 77090

**Galveston County**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
Post Ofice Box 3064
Houston, TX 77253-3064

**Harris County et al**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
PO Box 3064
Houston, Tx 77253-3064

**City of Pasadena-Water Department**
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
P.O. Box 3064
Houston, TX 77253

**Situs, Inc**
4665 Southwest Freeway #200
Houston, TX 77027

**Redi-Carpet Sales Of Houston LTD**
c/o Richard J. Cinclair, Jr.
Thomas, Cinclair & Beuttenmuller
5335 Spring Valley Road
Dallas, TX 75254

**Willowood Maintenance Association**
c/o Treece Law Firm
1020 Bay Area Blvd., Suite 200 Houston, TX 77058

**M & D Flooring, LLC**
c/o Peter E. Avots
615 N. Upper Broadway #1100
Corpus Christi, TX 78401-0748

**Camelot Realty Group**
4545 Bissonnet, Suite 285
Bellaire, TX 77401

Signed this 22nd day of September, 2010.

                                              /s/
                                   Lisa Greenwood. Duffee