**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041-C-11 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., | § | CHAPTER 11 |
| ET AL., | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

**OBJECTION TO AD HOC AMIDEED LIMITED PARTNERS COMMITTEE'S
APPLICATION FOR ALLOWANCE OF SUBSTANTIAL CONTRIBUTION CLAIM
AND/OR APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM
[This instrument relates to Docket No. 328]**

TO THE HONORABLE RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE:

Sterling Bank ("Sterling"), a secured creditor and party in interest, files this Objection (the "Objection") to the Ad Hoc Amidee Limited Partners Committee's Application for Allowance of Substantial Contribution Claim and/or Application for Administrative Expense Claim (Docket No. 328) (the "Application").

## OVERVIEW OF THE OBJECTION

Sterling objects to the Administrative Claim (as defined below) requested in the Application because the self-purported Ad Hoc Amidee Limited Partners Committee (the "Committee") has not established or proved that the fees and expenses incurred in prosecuting these Bankruptcy Cases provided a substantial contribution to, or were necessary for, preserving the assets of the jointly administered bankruptcy estates of Amidee Capital Group, Inc. and its subsidiaries (the "Debtors").

The Application fails to establish that the Committee's actions meet the standards for approving a claim for substantial contribution under either controlling Fifth Circuit authority or this Court's recent decision on substantial contribution. Indeed, the Application reflects that the

Committee's actions were directed solely toward enabling Committee members to understand their rights as equity holders and tax issues, rather than providing any tangible actions designed to protect the assets from diminution, or to confer a benefit to the estates separate and apart from the actions of the Debtors' Chief Restructuring Officer.  This is not a rare or unusual case in which actions by the Committee have advanced or provided meaningful benefits to the Debtors' estates.  Absent the Committee members' demonstrating a significant, demonstrable benefit to the Debtors' estates from any of their purported actions, the Application should be denied.

## OBJECTION

1.       Sterling objects to the Committee's request for a claim for substantial contribution pursuant to § 503(b)(3)(D) or (b)(4) of the Bankruptcy Code because the Application fails to establish that the Committee's actions conferred a benefit on the Debtors' estates.  In order to establish a successful claim for substantial contribution to the Debtors' estates, the Committee must demonstrate, among other things, that its actions conferred a direct benefit on the Debtors' estates. *See Hall Fin. Group, Inc. v. DP Partners Ltd. P'ship* (*In re DP Partners Ltd. P'ship*), 106 F.3d 667, 673 (5th Cir. 1997); Application, ¶ 11 (Docket No. 328).  In making this showing, the Committee must demonstrate that its "services were not rendered solely to benefit [its members]" and that it "provided a direct, significant, and demonstrable benefit to the estate[s]." *In re Eldercare Home Health & Hospice*, No. 04-71101, 2007 WL 527943, at *2 (Bankr. S.D. Tex. Feb. 14, 2007); Application, ¶ 12.

2.       Moreover, substantial contribution claims may only be granted in "unusual or rare circumstances." *In re Eldercare Home Health & Hospice*, No. 04-71101, 2007 WL 527943, at *2; *In re Am. Plumbing & Mech., Inc.*, 327 B.R. 273, 279 (Bankr. W.D. Tex. 2005).  To meet this high threshold, a movant must establish that "[its] services have some *causal relationship* to

the contribution." *In re ASARCO LLC*, No. 05-21207, slip op. at 14 (Bankr. S.D. Tex. Sept. 28, 2010) (quoting *In re Fortune Natural Res. Corp.*, 366 B.R. 549, 554 (Bankr. E.D. La. 2007) (emphasis added)); *see also DP Partners Ltd. P'ship*, 106 F.3d at 673.   Mere conclusory statements regarding the causation or provision of a substantial contribution are insufficient to establish that a substantial contribution has been made. *See ASARCO,* slip op. at 14; *In re U.S. Lines, Inc.*, 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989).   Furthermore, a substantial contribution claim cannot be successful when the asserted contribution would have occurred without the claimant's involvement. *See ASARCO*, slip op. at 14; *In re New Power Co.*, 311 B.R. 118, 124 (Bankr. N.D. Ga. 2004) (denying the substantial-contribution application because "the Court must conclude that the Examiner would have been appointed . . . absent [the applicant's alleged contribution]").

3.      The Application fails to establish any "unusual" or "rare" circumstances whereby its actions resulted in a substantial contribution to the estate.   Examples of such circumstances include where creditors propose a plan of reorganization, a bidding process, or provide other valuable and tangible benefits to the estate that are atypical for creditors. *See, e.g.*, *DP Partners Ltd. P'ship*, 106 F.3d 667; *In re Eldercare Home Health & Hospice*, No. 04-71101, 2007 WL 527943.  The Application clearly fails in this regard because the Committee's expenses are solely related to creditors' or equity holders' normal retention of legal counsel in a bankruptcy case, and the fees and costs attendant to representing those interests.

4.      The Application notes that the Committee spent a substantial amount of time and effort investigating the pre-petition financial affairs of the Debtors and used this information to provide tangible benefits to *Committee members*, including, but not limited to, advising Committee members about potential tax liability related to the sale of certain of the Debtors'

assets. *See* Application, ¶ 6.  The Application requests payment from the Debtors' estates in the amount of $85,492.43 (the "Administrative Claim") for the Committee's fees and expenses related to the efforts undertaken by its legal counsel. *See* Application, ¶ 8.  The Application, however, utterly fails to describe how these actions provided any benefit whatsoever to the Debtors' estates; in fact, the Application fails to expressly identify any benefits provided to the Debtors' estates by the Committee at all.  Rather, any benefits conferred by the Committee appear to have inured solely to its members and should not be reimbursed by the Debtors' estates.

5.       Additionally, the Application provides no support for its conclusion that the value of any ostensible benefit conferred on the estates by the Committee exceeds the amount of the Administrative Claim. *See* Application, ¶ 13.  Again, the Application presents nothing more than bare and unsubstantiated assertions regarding the benefits the Committee's actions purportedly conferred on the estates while also failing to identify the alleged benefits.  Instead, the Application's description of the Committee's actions reflects that such actions were directed at solely benefiting, and did solely benefit, the Committee's members on tax issues, with no corresponding benefit to the Debtors' estates.  "However, merely being an active creditor in a bankruptcy case does not entitle that creditor to a claim for making a substantial contribution." *ASARCO*, slip op. at 17 (citing *In re Mirant Corp.*, 354 B.R. 113, 136 (Bankr. N.D. Tex. 2006)).

6.       Because the Application fails to establish "rare" or "unusual" circumstances that would reflect the Committee's substantial contribution to these bankruptcy cases, the Committee cannot recover for any expenses that it incurred. *See ASARCO*, slip op. at 18.  Similarly, the Committee is not entitled to recover legal fees or expenses under § 503(b)(4) of the Bankruptcy Code absent a finding of a substantial contribution having been made. *See ASARCO*, slip op. at 18; *In re Oxford Homes, Inc.*, 204 B.R. 264, 267 (Bankr. D. Me. 1997).  Given that the

Application also fails to show how and to what extent the Committee's actions did preserve or were necessary to the preservation of any of the assets of the Debtors' estates, the Application's request for claims for substantial contribution, pursuant to § 503(b)(3)(D) or (b)(4) of the Bankruptcy Code, and for an administrative expense pursuant to § 503(b)(1)(A), should be denied.

## **PRAYER**

Sterling requests that the Court enter an Order denying the Application and granting Sterling such other and further relief as this Court deems just and proper, both at law and in equity.

**DATED: October 25, 2010**

Respectfully submitted,

**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 650-8400 (telephone)
(713) 650-2400 (facsimile)

By: _/s/ Joseph G. Epstein_
Joseph G. Epstein
State Bar No. 06639320
S.D. Tex. No. 11733
Sean B. Davis
State Bar No. 24069583
S.D. Tex. No. 1048341

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, a true and correct copy of the foregoing document was served by electronic notice from the Bankruptcy Clerk's ECF notification system, facsimile, and/or by United States first class mail, postage prepaid, to the parties listed below.

_/s/ Joseph G. Epstein_
One of Counsel

Matthew S. Okin
Sara M. Keith
OKIN ADAMS & KILMER LLP
1113 Vine St., Suite 201
Houston, TX 77002
Facsimile: (888) 865-2118

Marc Douglas Myers
ADAIR & MYERS, P.L.L.C.
3120 Southwest Freeway, Suite 320
Houston, Texas 77098
Facsimile: (713) 522-3322

Barbara C. Jue
Charles R. Sterbach
OFFICE OF U.S. TRUSTEE
606 N. Carancahua, Ste. 107
Corpus Christi, TX 78476
Facsimile: (361) 888-3261

HOUSTON_1\1085295v2
20233-113   10/25/2010