UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
United States Trustee
BARBARA C. JUE
Trial Attorney
606 N. Carancahua St.
Wilson Plaza West, Ste. 1107
Corpus Christi, TX  78401
Telephone:  (361)888-3261
Facsimile:  (361)888-3263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: § | | CASE NO. 10-20041-C-11 |
| § | | |
| AMIDEE CAPITAL PROUP, INC., ET AL., § | | CHAPTER 11 |
| § | | |
| Debtor § | | (Jointly administered) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO AD HOC AMIDEE LIMITED PARTNERS COMMITTEE'S APPLICATION FOR ALLOWANCE OF SUBSTANTIAL CONTRIBUTION CLAIM and/or APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**
(Docket # 328)

TO THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

COMES NOW JUDY A. ROBBINS, UNITED STATES TRUSTEE FOR THE SOUTHERN AND WESTERN DISTRICTS OF TEXAS ("UST"), through undersigned counsel, in furtherance of her administrative duties and files her objection to the following: Ad Hoc Amidee Limited Partners Committee's Application for Allowance of Substantial Contribution Claim and/or Application for Administrative Expense Claim ("Application") (Docket # 328). In support of this objection, the UST respectfully states the following:

1. The UST is an officer of the United States Department of Justice, 28 U.S.C. § 581. Her duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307, and throughout the Bankruptcy Code. 11 U.S.C. §101, et seq.

2. Under Section 307 of the Bankruptcy Code, the UST has standing to be heard on the issues raised by this objection.

3. The Application seeks professional fees and administrative expense claims on behalf of an ad hoc committee formed by Amidee Capital Group, Inc., et al., Limited Partners ("Committee"). The basis for the Application is the "substantial contribution" the Committee states it made toward the on-going reorganization of Amidee Capital Group, Inc., et al. ("Debtor").

4. The UST asserts that the Committee fails to satisfy its burden of establishing a "substantial contribution" under Section 503(b)(3)(D) of the Bankruptcy Code, and it is not entitled to reasonable compensation under Section 503(b)(4) for legal services or reimbursement of actual and necessary expenses for their activities in the above-captioned case. Therefore, the Court should deny the Application in its entirety.

5. The Committee provides some description concerning its activities and contributions in the case referenced in detail in its Application.

6. The Committee was formed, but by its own admission, did not represent all Investor groups (Docket # 328, page 3, and paragraph 4). The Committee organized pursuant to Rule 2019 of the Bankruptcy Code, and filed notice of its organization on April 30, 2010 (Docket # 199).

7. The Committee was not an official committee of creditors appointed by the UST pursuant to 11 U.S.C. § 1102, but now seeks reimbursement as members of a "de facto" committee.

8. The Committee asserts its substantial contribution by the following activities in which it engaged during the on-going case:

   a. Opposed the sale of the "Sylvanfield Building" because the resultant funds would be "upstreamed" to the Debtor rather than have the funds applied to the Investors of "Amidee 2006 Preferred. (The Court approved the sale.)

   b. Investigated the pre-petition financial affairs of the Debtor by reviewing "voluminous records" and taking the depositions of the Debtor's principals

   c. Provided information to Investors regarding valuation of assets and resultant tax liabilities

9. As to the applicable legal standard, the UST and the Committee agree. A finding of "substantial contribution" is a prerequisite to compensation under Sections 503(b)(3)(D) and (b)(4). Since "substantial contribution" is not defined in the Bankruptcy Code, this Court should consider the definition established by the Fifth Circuit case law: "a contribution that is considerable in amount, value, or worth". Matter of DP Partners Ltd. Partnership, 106 F. 3d 667, 673 (5th Cir.), cert. denied 522 U.S. 815 (1997). Services that constitute a "substantial contribution" generally "foster and enhance, rather than retard or interrupt the progress of reorganization." Id., at 672. There must be a causal connection between the actions or contributions and the benefit to the estate. Id. at 673; In re American Plumbing & Mechanical, Inc., 327 B.R. 273, 279 (Bankr. W.D. Tex. 2005). Further, there must be a "direct, significant, and demonstrable benefit to the estate." In re Buttes Gas & Oil Co., 112 B.R. 191, 194 (Bankr. S.D. Tex. 1989). There is no dispute that the inquiry is a factual one. See Matter of Consolidated Bancshares, Inc., 758 F.2d 1249, 1253 (5th Cir. 1986). See also In re Eldercare Home Health & Hospice, 2007 WL 527943 (Bankr. S.D. Tex. 2007). There is also no dispute that the burden of proof as to

See id.; Buttes Gas & Oil, 112 B.R. at 193.

10. Notwithstanding the Committee's efforts to negotiate instead of litigate, cooperate (instead of obstruct) and otherwise resolve complex issues, and participate actively in the Chapter 11 case, these activities are not enough for a finding of substantial contribution under Section 503(b)(3)(D). See In re Mirant Corp., 354 B.R. 113, 137 (Bankr. N. D. Tex. 2006). Expected, routine, or duplicative activities do not justify a factual finding of "substantial contribution." See Eldercare Home Health, 2007 WL 527943 at * 2. See also American Plumbing, 327 B.R. at 283; Buttes Gas & Oil, 112 B.R. at 195.

11. In the case at bar, there is no dispute that the Committee actively participated. However, the case is not over and any substantial contribution claim is premature.

12. The Committee's participation was not "rare and extraordinary." Claims for substantial contribution allowed only in rare and unusual circumstances. See Eldercare Home Health, 2007 WL 528943, at *1; American Plumbing, 327 B.R. at 279. Section 503(b)(3) is not a vehicle to reimburse every creditor who hires an attorney.

13. The Committee did not engage in any unique activities. All activities described in the Application are routine and expected in a large Chapter 11 case. However, expected and routine activities do not constitute a substantial contribution to the reorganization. See American Plumbing, 327 B.R. at 291. Moreover, there is no causal relationship between the Committee's activities and, for example, confirmation of a full payment plan. See DP Partners, 106 F. 3d at 673. Here, the causal relationship between the Committee's activities and the perceived benefits to creditors appears to be indirect and tenuous at best.

WHEREFORE, the UST requests that the Application be denied for failing to satisfy the requirements of Section 503(b)(3)(D) and (b)(4).


Date: October 26, 2010                                    Respectfully submitted,

                                                JUDY A. ROBBINS
                                                UNITED STATES TRUSTEE


                                                By:   /s/Barbara C. Jue
                                                Barbara C. Jue
                                                Trial Attorney
                                                Texas Bar No. 11768550
                                                606 N. Carancahua St., Ste. 1107
                                                Corpus Christi, TX  78401
                                                Telephone:  (361)888-3261
                                                Facsimile:  (361)888-3263