

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
02/25/2011

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20041 |
| | § | |
| AMIDEE CAPITAL GROUP, INC., ET AL., | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### ORDER (I) AUTHORIZING AND APPROVING SALE OF REAL PROPERTY LOCATED AT 9803 LODGE WOOD COURT AND (II) AUTHORIZING DEBTORS TO USE SALE PROCEEDS TO PAY CERTAIN CLAIMS AND EXPENSES ASSOCIATED WITH THE REAL PROPERTY

Upon consideration of the Motion for Entry of Order: (i) Authorizing and Approving Sale of Real Property Located at 9803 Lodge Wood Court and (ii) Authorizing Debtors to Use Sale Proceeds to pay Certain Claims and Expenses Associated with the Real Property (the "Motion"); the Court having reviewed the Motion and any objections thereto and having considered arguments of counsel and the evidence presented at the hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

a) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2). Notice of the Motion was sufficient and adequate under the circumstances.

b) The sale of raw land located at Lot 7, Block 11 of Willowood Section 3 of Harris County, with a local address of 9803 Lodge Wood Court, Houston, Texas 77086 ("Lodge")[1] pursuant to the terms and conditions set forth in the Lodge Sale Agreement to Asier Vincent Bruno (the "Lodge Buyer") is a reasonable exercise of the business judgment of the Debtors,

---

[1] To the extent they are not defined in this Order, capitalized terms used herein shall have the meaning ascribed to them in the Motion.

complies with § 363 of the Bankruptcy Code and is in the best interests of the Debtors' bankruptcy estates.

    c)    Lodge is owned by Amidee Capital Group, Inc. ("ACG").

    d)    ACG owes taxing authorities pre- and post-petition real and personal property taxes associated with Lodge.

IT IS, THEREFORE, HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are hereby authorized, pursuant to § 363 of the Bankruptcy Code, to enter into and consummate the transaction contemplated by the Lodge Sale Agreement as shown on Exhibit A attached to the Motion.

3.    The Debtors are hereby authorized to sell Lodge to the Lodge Buyer free and clear of any and all liens, claims, encumbrances and all other interests, in accordance with § 363(f) of the Bankruptcy Code with all such liens, claims, encumbrances and other interests, other than those paid in full upon closing as provided in paragraph 4 below, attaching to the proceeds received for the sale or any applicable portion thereof with the same validity and priority as they attached to Lodge or any portion thereof.

4.    Upon the closing of the sale contemplated by the Lodge Sale Agreement, the Debtors are hereby authorized and directed to apply the net sales proceeds from the sale of Lodge to pay the following claims in full: (i) all pre- and post-petition *ad valorem* property taxes that attach to Lodge as pro-rated through the date of closing of the sale; (ii) all closing costs; and (iii) the Camelot Commission as provided in the Camelot Retention Agreement, regardless of any provision in the Lodge Sale Agreement to the contrary.

5.    This Order is and shall be effective as a determination that any and all claims, liens, or interests in Lodge shall be, and upon the closing of the proposed transaction, are hereby

released. In addition, upon receipt of payment of the amount of all pre- and post-petition *ad valorem* property taxes against Lodge, any and all such tax liens shall be released against Lodge.

6. Parties having filed liens, financing statements, mortgages or other documents evidencing claims or encumbrances against Lodge that are released herein are directed to execute and deliver to the Debtors for filing, as reasonably necessary, documents evidencing such release; provided, however, that in the absence of such a signed release, the Debtors or the Lodge Buyer may file or record a certified copy of this Order and such a filing shall constitute conclusive evidence of the release.

7. Notwithstanding Federal Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

Date: February 25, 2011 .

*(signature)*

THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE